**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William F. McQUADE and Wilma N. McQuade, Defendants-Appellants.**

**No. 79–3193.**

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 1981.

Decided June 8, 1981.

Rehearing and Rehearing En Banc Denied Aug. 24, 1981.

William F. McQuade and Wilma N. McQuade, pro se.

Gilbert E. Andrews, Chief, App. Tax. Div., Washington, D. C., for plaintiff-appellee.

Before BROWNING, Chief Judge, PREGERSON and BOOCHEVER, Circuit Judges.

PER CURIAM:

The McQuades appeal the district court's denial of their motion for court-appointed counsel under 28 U.S.C. § 1915(d). The district court denied their motion because they would not "submit an affidavit as to their present financial standing . . . ." Appellees assert the district court twice told appellants the court could not make a determination of indigency without a financial statement; appellants then filed an affidavit stating they were unable to pay for their defense, but not stating the factual basis for this claim; and appellants thereafter told the court they would not file a financial statement. The appellants do not dispute these facts. Instead they claim they have an absolute constitutional right to court-appointed counsel, regardless of their financial position, and that they are protected from disclosing their financial status by the "Fourth Amendment right to privacy."

**940**

These arguments are without merit. The constitutional right to a state financed defense arises because of "the crucial right of an indigent to reasonably fair equality with those who have adequate financial means to protect their rights," *United States v. Hartfield*, 513 F.2d 254, 258 (9th Cir. 1975). A person who can afford to retain counsel has no constitutional right to have counsel appointed. Nor does the fourth amendment protect an individual from complying with a demand for information for a lawful purpose merely because "his responses might prove embarrassing or result in an unwelcome disclosure of his personal affairs." *United States v. Calandra*, 414 U.S. 338, 353, 94 S.Ct. 613, 622, 38 L.Ed.2d 561 (1974); *see also Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 195, 66 S.Ct. 494, 498, 90 L.Ed. 614 (1946); *Paine v. McCarthy*, 527 F.2d 173, 177 (9th Cir. 1975); *United States v. Theep*, 502 F.2d 797, 799 (9th Cir. 1974); *United States v. Weinberg*, 439 F.2d 743, 748–49 (9th Cir. 1971). ·

Motions for appointment of counsel under section 1915 are addressed to the sound discretion of the trial court and are granted only in exceptional circumstances. *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). When a claim of poverty is made under section 1915 "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). It was within the court's discretion to make a factual inquiry, *see In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971); *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969); and to deny the motion when the appellants were unable, or unwilling, to verify their poverty. *Jefferson v. United States*, 277 F.2d at 725; *cf. United States v. Kaufman*, 452 F.2d 1202, 1202 (4th Cir. 1971) (criminal defendant denied court-appointed counsel for failure to demonstrate indigency); *United States v. White*, 344 F.2d 92, 93 (4th Cir. 1965) (same); *Smartt v. Bomar*, 340 F.2d 593, 595 (6th Cir. 1965) (same).

Finally, the appellants' contention that they must be provided counsel because the "poverty" requirement of section 1915 is unconstitutionally vague is patently frivolous.

AFFIRMED.