772 F.2d 909
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PEARLY WILSON, PLAINTIFF-APPELLANT,
v.
SCT. E.M. BARNES; JACQYELYN S. CROW; B.M. BRUNSWICK,
DEFENDANTS-APPELLEES.
 NO. 85-3126
 United States Court of Appeals, Sixth Circuit.
 8/2/85
 S.D.Ohio
 AFFIRMED
 ORDER
 
 1
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges; and NEESE, Senior District Judge*.
 
 
 2
 This Ohio State prisoner moves this Court for the appointment of counsel in his appeal from a district court judgment granting the defendants summary judgment in plaintiff's civil rights suit filed under 42 U.S.C. Sec. 1983.
 
 
 3
 Suing three Ohio State prison officials and seeking monetary damages, plaintiff alleged in his complaint that the defendants pursuant to a conspiracy denied him his constitutional right of access to the courts by refusing to sign and provide him with a certificate of his account which would reflect the amount of money in his prison account. Due to this refusal, the plaintiff allegedly was unable to file a civil rights complaint against the defendants alleging that the conditions of his confinement constitute cruel and unusual punishment.
 
 
 4
 Upon review of the complaint and after noting that the plaintiff had filed six civil rights actions in forma pauperis in its court since June 1, 1983, the district court retained jurisdiction over the cause and directed plaintiff to file an affidavit to amplify his allegations. Thereafter, the plaintiff and the defendants filed affidavits in support of their positions which were eventually considered by the district court in its decision to convert the defendants' motion to dismiss to one seeking summary judgment. The district court granted the defendants summary judgment upon concluding that the plaintiff had simply not been denied reasonable access to the courts. The district court explained that a plaintiff-inmate can file a lawsuit in forma pauperis by filing an affidavit of indigency with an explanation as to why the plaintiff-inmate could not also obtain a signed certificate of his account. The district court also explained that all the forms necessary for filing a suit are available to the inmates from the Clerk of its court.
 
 
 5
 Upon consideration of the cause, this Court concludes that the district court properly granted summary judgment for the defendants for the reasons given by it in its memorandum opinion filed in its court on February 1, 1985. The defendants' motion to dismiss was also properly converted to one seeking summary judgment because the district court considered matters other than the motion to dismiss when it granted judgment for the defendants. Sequoyah v. Tennessee Valley Authority, 620 F.2d 1159, 1161 (6th Cir.), cert. denied, 449 U.S. 953 (1980). Since the district court would not have rejected the plaintiff's complaint if it had been submitted with an affidavit of indigency and an explanation as to why the plaintiff could not also obtain a signed certificate of his account, it is clear that the plaintiff filed his complaint under the misapprehension that the signed certificate of account was absolutely necessary before he could file a suit in forma pauperis. Under these circumstances, it is clear that the plaintiff's motion for counsel should be denied for being unwarranted. United States v. McQuade, 647 F.2d 938 (9th Cir. 1981), cert. denied, 455 U.S. 958 (1982).
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Plaintiff's motion for the appointment of counsel is, accordingly, denied and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable C.G. Neese, Senior U.S. District Judge for the Eastern District of Tennessee, sitting by designation