863 F.2d 887
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Frances ZAMNIK, Plaintiff-Appellant,
v.
Frederick STILLIONS, et al., Defendants-Appellees.
 No. 87-6213.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Oct. 5, 1988.
Decided Nov. 21, 1988.
 Before CHOY, TANG and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frances Zamnik appeals pro se the district court's denial of her motion for appointment of counsel, and dismissal of her civil rights action for failure to comply with Fed.R.Civ.P. 8. Zamnik sued 93 defendants in a 75-page complaint for allegedly harassing, arresting, and abusing her because she complained about conditions in her HUD-subsidized housing project. According to Zamnik, this culminated in her being arrested and physically and psychologically abused while in custody for 26 hours.
 
 
 3
 Rule 8(a)(2) requires that complaints include a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(e)(1) requires pleading averments to be "simple, concise, and direct." Zamnik's complaint is verbose, conclusory, and confusing and does not meet the requirements of Rule 8(a) and (e). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981).
 
 
 4
 A district court may dismiss an action for a pro se party's failure to comply with Rules 8(a) and (e), provided that meaningful less drastic alternatives have been explored. Nevijel, 651 F.2d at 673-74. The district court satisfied this requirement by instructing Zamnik on how to cure the deficiencies in the complaint, and allowing her three weeks to file a third amended complaint. Accordingly, because of the failure to comply, the district court did not abuse its discretion in dismissing Zamnik's action.
 
 
 5
 Under 28 U.S.C. Sec. 1915(d), a district court has discretion to appoint counsel to indigent civil litigants in exceptional circumstances. United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981), cert. denied, 455 U.S. 958 (1982). The existence of exceptional circumstances is determined by jointly evaluating the plaintiff's likelihood of success on the merits and ability to articulate the claim in light of the complexity of the legal issues involved. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). A likelihood of success on the merits has not been demonstrated. Neither has Zamnik demonstrated a lack of ability to articulate her claim or that the issues involved are so complex as to require designation and appointment of counsel. See Wilborn, 789 F.2d at 1331. Accordingly, the district court did not abuse its discretion in denying Zamnik's request for counsel.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3