967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur E. RATLIFF, Plaintiff-Appellant,
v.
BUREAU OF PRISONS, et al., Defendants-Appellees.
 No. 91-55049.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur E. Ratliff, a former prisoner, appeals pro se the district court's denial of his motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. Tripati v. First Nat'l Bank of Trust, 821 F.2d 1368, 1369 (9th Cir.1987). We review the district court's denial for abuse of discretion, id., and vacate and remand.
 
 
 3
 Pursuant to section 1915(a), a court may authorize the commencement or prosecution of any action without prepayment of fees and costs "by a person who makes affidavit that he is unable to pay such costs." 28 U.S.C. § 1915(a). In claiming poverty under section 1915(a), an applicant must state the facts as to his poverty " 'with some particularity, definiteness and certainty.' " United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (quoting Jefferson v. United States, 277 F.2d 723, 725 (9th Cir.), cert. denied, 364 U.S. 896 (1960)), cert. denied, 455 U.S. 958 (1982). The district court has discretion to make a factual inquiry regarding an applicant's indigency and to deny a section 1915(a) motion when the applicant is "unable, or unwilling, to verify [his] poverty." McQuade, 647 F.2d at 940 (citations omitted).
 
 
 4
 While incarcerated in Washington state prison, Ratliff applied to the district court for leave to proceed in forma pauperis. Under penalty of perjury, Ratliff declared he was unemployed, had not received any money during the prior twelve months, had no cash, had no money in any checking or savings account, had no interest in real or personal property (other than household furnishings or clothing), and had no one dependent upon him for support. The accompanying certificate of prisoner accounts completed by a Washington State Reformatory official indicated Ratliff had $0.54 on account at the prison.
 
 
 5
 The magistrate recommended that Ratliff's application to file the action without prepayment of the filing fee be denied on the ground that Ratliff had made an inadequate showing of indigency. The district court adopted the magistrate's recommendation and denied Ratliff's request. Neither the magistrate nor the district court elaborated on the finding that Ratliff had made an inadequate showing of indigency.
 
 
 6
 Ratliff's application and supporting documentation were sufficient to meet the indigency standard set forth in section 1915(a). See 28 U.S.C. § 1915(a); McQuade, 647 F.2d at 940. On this evidence, the district court erred by denying Ratliff's application to proceed in forma pauperis. See United States v. 30.64 Acres of Land, 795 F.2d 796, 804 & n. 18 (9th Cir.1986). We hereby vacate the district court order and remand to the district court for further proceedings.[1]
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 This panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On May 22, 1992, Ratliff filed a motion for appointment of counsel to assist him in his appeal. 28 U.S.C. § 1915(d) permits a court to appoint counsel for a plaintiff who is unable to employ counsel. Nevertheless, counsel will be appointed only in "exceptional circumstances." Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.1990). Because Ratliff adequately articulated his appeal, he failed to demonstrate "exceptional circumstances." Accordingly, we deny his motion. See id