999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles H. FARLEY, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES, Defendant-Appellee.
 No. 92-55017.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided July 22, 1993.
 
 1
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Charles H. Farley appeals pro se the district court's denial of his motion to proceed in forma pauperis in this civil rights case. The court ruled that Farley made an inadequate showing of both indigency and federal jurisdiction. The court's order is reviewable pursuant to 28 U.S.C. § 1291 (1988). Tripati v. First National Bank & Trust, 821 F.2d 1368, 1369 (9th Cir.1987).
 
 DISCUSSION
 
 4
 A federal court may authorize the commencement or prosecution of any action without prepayment of fees or costs "by a person who makes affidavit that he is unable to pay such costs." 28 U.S.C. § 1915(a) (1988). The district court has broad discretion to make a factual inquiry regarding an applicant's claim of indigency and to deny a section 1915 motion when the applicant is unable or unwilling to verify poverty. See United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (per curiam), cert. denied, 455 U.S. 958 (1982).
 
 
 5
 In this instance, the district court ruled that Farley's showing of indigency was insufficient given his lack of explanation regarding a $25,000 money market account that apparently provided him with $150.00 monthly income. We agree that Farley failed to state adequately the facts of his alleged poverty. His effort to supplement the record by now providing information is unavailing. See Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077-78 (9th Cir.1988) (documents submitted after appeal are not part of the record on appeal and will not be considered).
 
 
 6
 The court alternatively ruled that Farley failed to demonstrate that state post-deprivation remedies were inadequate. Again, we agree. Intentional deprivation of property does not violate the due process clause and hence does not support a section 1983 action if state law provides an adequate post-deprivation remedy for the loss suffered. Hudson v. Palmer, 468 U.S. 517, 533 (1984). We conclude that the district court did not abuse its discretion by denying Farley's motion to proceed in forma pauperis.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3