19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Trygve Lie BULLED, Plaintiff-Appellant,
v.
Sal PALLAVICINI, Editor Recycler Papers & Loot Limited
Paper; Recycler Paper & Loot Limited Paper,
Defendants-Appellees.
 No. 93-55792.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Trygve Lie Bulled appeals pro se the district court's denial of his motion to proceed in forma pauperis ("IFP") in his action for fraud, false advertisement, conspiracy, and "misleading price indication" against Sal Pallavicini, Recycler Paper and Loot Limited Paper. We have jurisdiction under 28 U.S.C. Sec. 1291,[1] and we affirm.
 
 
 3
 Bulled contends that the district court erred by refusing to grant his request to proceed IFP. We review for abuse of discretion a denial of leave to proceed IFP. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990).
 
 
 4
 Under 28 U.S.C. Sec. 1915(a), "[a]ny court of the United States may authorize the commencement ... of any suit ..., civil or criminal, ... without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." The affidavit must state the nature of the action, and the affiant's belief that he is entitled to redress. 28 U.S.C. Sec. 1915(a). An affidavit is sufficient where it states that because of his poverty, the affiant cannot meet court costs and "still be able to 'provide himself and his dependents with the necessities of life.' " See Rowland v. California Men's Colony, 113 S.Ct. 716, 722 (1993) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." See United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (per curiam) (quotations omitted), cert. denied, 455 U.S. 958 (1982). Finally, the district court has discretion to make a factual inquiry as to a party's financial status and to deny a request to proceed IFP when a party is "unable, or unwilling, to verify [his] poverty." See id. (citations omitted).
 
 
 5
 Here, Bulled submitted a declaration in support of his request to proceed IFP. In the declaration, which actually was a form supplied by the district court, Bulled stated that he received pounds sterling92.15 in weekly social security payments, but he failed to specify whether he had received any other money in the past twelve months from business or other employment, rental payments, interest, dividends, pension, annuities or life insurance, gifts or inheritances. Moreover, in response to the form's question about what income was specified on his last tax return, Bulled provided some information as to his United States tax return, but failed to inform the court whether he filed a tax return in England.[2] Based on the declaration, the district court concluded that Bulled had made an inadequate showing of indigency and denied his motion for IFP status.[3] Rather than supplement his initial declaration, Bulled chose to appeal the district court's ruling.
 
 
 6
 After reviewing Bulled's declaration, we conclude that the district court did not abuse its discretion by denying Bulled's request to proceed IFP. See O'Loughlin, 920 F.2d at 616. Because Bulled failed to provide sufficiently particular, definite, and certain details of the amount and sources of his income, the district court was unable to verify that because of his poverty, Bulled could not meet court costs and still be able to provide himself with the necessities of life. See California Men's Colony, 113 S.Ct. at 722; McQuade, 647 F.2d at 940.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The denial of a motion to proceed IFP is appealable under section 1291. See Roberts v. United States Dist. Court, 339 U.S. 844, 845 (1950) (per curiam); Tripati v. Rison, 847 F.2d 548, 548 (9th Cir.1988)
 
 
 [2]
 Bulled resided in London, England, at the time he filed his declaration
 
 
 [3]
 The court also noted that Bulled's allegations that the defendants violated the law did not constitute a claim for relief and that there appeared to be no jurisdictional basis for suit in federal court