29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank E. VOTH, Plaintiff-Appellant,
v.
Manfred F. MAASS; et al., Defendants-Appellees.
 No. 93-36079.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner Frank E. Voth appeals pro se the district court's (1) order granting defendant prison officials' motion to inspect Voth's medical records, (2) denial of Voth's motion for a mediation and settlement conference, (3) denial of Voth's motion for appointment of an attorney and expert witness, and (4) summary judgment in favor of defendants in Voth's 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and reverse in part.
 
 
 3
 * Motion to Inspect Medical Records
 
 
 4
 Voth contends that the district court erred by granting defendants' motion to inspect his medical records because defendants did not first confer with him pursuant to Oregon District Court Local Rule 230-2. Voth further contends that sanctions should have been imposed against defendants' attorney for not complying with this local rule. Voth's contentions are meritless.
 
 
 5
 We review for abuse of discretion a district court's compliance with its local rules. Hinton v. Pacific Enters., 5 F.3d 391, 395 (9th Cir.1993), cert. denied, 114 S.Ct. 1833 (1994).
 
 
 6
 Under Local Rule 230-2, counsel must confer with opposing counsel and attempt to resolve disputed discovery issues before filing a motion to compel discovery. L.R. 230-2(a). If the party moving to compel discovery tries to arrange a conference and opposing counsel refuses to cooperate, the judge may award the movant attorney's fees and costs. Id.
 
 
 7
 Here, the defendants sought inspection of Voth's medical records and moved for an order permitting the Oregon Department of Corrections to release the records as required by state law. See Or.Rev.Stat. Sec. 179.495(1) (requiring either a court order or authorized permission before the Department of Corrections may release an inmate's medical records for inspection). Because the defendants were not moving to compel discovery, they were not required to confer with opposing counsel and thus, were not in violation of Local Rule 230-2. The district court therefore did not abuse its discretion by granting defendants' motion. See Hinton, 5 F.3d at 395.
 
 II
 Mediation/Settlement Conference
 
 8
 Voth contends that the district court erred by denying his motion for a mediation and settlement conference pursuant to Local Rule 240. We disagree.
 
 
 9
 Under Local Rule 240-1, a party may request a settlement conference at any time. Local Rule 240-2 provides that a court maintain a list of volunteer mediators who can assist the parties in resolving their disputes, and that a party may move for the selection of a mediator. L.R. 240-2(a), (b).
 
 
 10
 Nothing in Local Rule 240 suggests that the district judge was required to grant Voth's request for a mediation and settlement conference. Rather the language of the rule appears permissive, conferring discretion on the district judge. See Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir.1993). Moreover, the local rule must be read in conjunction with Fed.R.Civ.P. 16(a) which explicitly provides that a court has discretion to direct a pretrial conference. See id.; Fed.R.Civ.P. 83. Thus, the district court had discretion to deny Voth's motion for a mediation and settlement conference, and we see no abuse of discretion with respect to the court's denial. See id.
 
 III
 Appointment of Counsel and Expert Witness
 
 11
 Voth contends that the district court erred by denying his motion for appointment of an attorney and expert witness. Voth's contention lacks merit.
 
 
 12
 In his motion, Voth argued that he needed an attorney because of the serious nature of his constitutional claims and the possibility of a class action. He also argued that he was entitled to an expert witness to evaluate his medical claims at the defendants' expense.
 
 
 13
 This court reviews for abuse of discretion a district court's refusal to appoint a counsel or expert witness. United States v. 30.64 Acres of Land, 795 F.2d 796, 798 (9th Cir.1986) (counsel); Students of California Sch. for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir.1985) (witness) (hereafter Honig ), vacated on other grounds, 471 U.S. 148 (1985).
 
 
 14
 Generally there is no constitutional right to counsel in a civil case. Id. at 801. A district court, however, can designate counsel to represent indigent civil litigants under 28 U.S.C. Sec. 1915(d). Id. at 798. Motions for designation of counsel under section 1915(d) are addressed to the sound discretion of the district court and are granted only in exceptional circumstances. United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (per curiam), cert. denied, 455 U.S. 958 (1982). To decide whether exceptional circumstances exist, a court evaluates "the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 15
 Under Fed.R.Evid. 706(a), the court may appoint an expert witness on its own or a party's motion. "Rule 706 also allows the court to assess the cost of the expert's compensation as its deems appropriate." Honig, 736 F.2d at 549.
 
 
 16
 Here, prior to Voth's motion for appointment of an attorney and expert witness, he had requested and was granted in forma pauperis status based on his indigent position. Because Voth could articulate his claims and the legal issues involved were not complex, however, no exceptional circumstances warranted the appointment of counsel under section 1915(d). See Wood, 900 F.2d at 1335. Moreover, the district court was within its discretion when it denied Voth's request for an expert witness given the nature of Voth's claims. See Honig, 736 F.2d at 549. Thus, the district court did not abuse its discretion by denying Voth's motion. See id.; Wood, 900 F.2d at 1335.
 
 IV
 Summary Judgment
 
 17
 Voth contends that the district court erred by granting summary judgment in defendants' favor.[1] We agree.
 
 
 18
 A district court must provide a pro se prisoner litigant with fair notice of the requirements of Fed.R.Civ.P. 56 before entering summary judgment against him. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The relative intelligence and legal sophistication of a particular prisoner is irrelevant to the district court's duty. Id. A pro se prisoner "should 'be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to [do] so [may] result in the entry of summary judgment against him.' " Jacobsen v. Filler, 790 F.2d 1362, 1366 n. 8 (9th Cir.1986) (quoting Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975) (per curiam)).
 
 
 19
 Here, defendants moved for summary judgment on the grounds that (1) certain of Voth's claims were not actionable, (2) as to other claims, Voth had sued the wrong party, and (3) defendants were entitled to qualified immunity. The district court granted summary judgment for defendants on qualified immunity grounds.
 
 
 20
 Nothing in the record indicates that the district court advised Voth of the Rule 56 requirements or that Voth responded to the motion.[2] Because the district court did not advise Voth that his failure to file opposing affidavits or other documents would result in entry of summary judgment against him, the defendants could not yet have obtained summary judgment. See Klingele, 849 F.2d at 411-12.
 
 V
 Conclusion
 
 21
 We affirm the district court's order granting defendants' motion to inspect Voth's medical records, denial of Voth's motion for a mediation or settlement conference, and denial of Voth's motion for appointment of counsel and expert witness.
 
 
 22
 Summary judgment for defendants is reversed, and the case is remanded. Voth should be given notice and an opportunity to respond to the defendants' summary judgment motion.
 
 
 23
 AFFIRMED IN PART AND REVERSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his appellate brief, Voth also challenges the district court's denial of his motions for preliminary injunctions. Defendants contend that the district court properly denied Voth's motions and move this court to supplement the record with documents they claim indicate that Voth's appeal of the issue is moot
 Because the district court's denial of preliminary injunctive relief merged into its grant of summary judgment, our review is limited to a review of the summary judgment itself. See Associated Builders & Contractors v. Carpenters Vacation & Holiday Trust Fund for N. Cal., 700 F.2d 1269, 1274 (9th Cir.), cert. denied, 464 U.S. 825 (1983); SEC v. Mount Vernon Memorial Park, 664 F.2d 1358, 1361-62 (9th Cir.), cert. denied, 456 U.S. 961 (1982). Thus, although we grant defendants' motion to supplement the record, we do not address the district court's denial of Voth's requests for injunctive relief.
 
 
 [2]
 Voth did file a motion to strike defendants' motion for summary judgment which the district court denied, but he did not address the merits of defendants' summary judgment motion