37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Arnie GONZALES, Plaintiff-Appellant,
v.
James GOMEZ, Director, Charles D. Marshall, Warden; C.
Gollihar; Johns, Dr., Defendants-Appellees.
 No. 94-15537.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Arnie Gonzales appeals pro se the district court's summary judgment for prison officials in Gonzales's 42 U.S.C. Sec. 1983 action alleging that prison officials were deliberately indifferent to his safety and serious medical needs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Gonzales is an inmate at Pelican Bay State Prison ("PBSP"), housed in the D unit of the Segregated Housing Unit ("SHU"). On September 20, 1992, defendant Still-Popham was working in the SHU control both. While allowing an inmate into the yard, she inadvertently left a SHU door ajar. An inmate in the yard ("aggressor") entered SHU and attacked two other inmates. Still-Popham responded by sounding the alarm and ordering the inmates to lay on the ground. When the order was ignored and the assault continued, Still-Popham fired a single warning shot from her prison issued 9mm gun. The aggressor was restrained and order was restored.
 
 
 5
 Gonzales was struck by a bullet fragment from the warning shot while he was alone in his cell. Defendant Gollihar, a Medical Technical Assistant at PBSP, examined Gonzales and cleaned the wound. Gonzales was then transferred to the infirmary, where he was examined and treated by Dr. Johns. Dr. Johns noted that Gonzales had a 3mm puncture wound on his lower leg. Dr. Johns prescribed antibiotics, ordered x-rays and told Gonzales that pain medication was available. The x-rays, which were taken within a few days, revealed that a small bullet fragment was lodged in Gonzales's lower left leg.
 
 
 6
 Dr. Johns claims that his professional opinion, based on the radiologist's report and his prior examination, has consistently been that surgical removal of the bullet fragment is unwarranted because of the size and location of the fragment. Gonzales claims that Dr. Johns changed his diagnosis after this action was filed.
 
 
 7
 On October 22, 1992, Gonzales filed an inmate grievance requesting that the bullet fragment be removed from his leg. In November 1992, Dr. Johns examined Gonzales again and ordered an orthopedic consultation. In a letter dated February 11, 1993, PBSP's Chief Medical Officer, Alex Astorga, noted that Gonzales's name had been placed on the transfer list to California Medical Facility for removal of the bullet fragment. A March 5, 1993 letter to Gonzales from Jack Reagan, Chief of the Inmate Appeals Branch of the California Department of Corrections, expresses the opinion that PBSP's initial decision to deny Gonzales's request for surgery was inappropriate. The letter further notes that PBSP had been ordered to make arrangements for the surgical removal of the bullet fragment. Defendants allege, however, and Gonzales does not dispute, that officials at the California Medical Facility rejected the transfer request because they did not believe the surgery was necessary.
 
 
 8
 After Gonzales filed the present action, Dr. Johns and three other physicians examined Gonzales. Dr. Johns claims that the examination revealed that surgery was unwarranted, that Gonzales's leg was healing well, and that he suffered no harm from the bullet fragment except for occasional discomfort. Dr. Johns also claims that the three physicians present during the examination concurred with his opinion. Gonzales claims that the pain is more severe and that it prevents him from exercising. In addition, Gonzales claims that while the area where the bullet fragment entered his leg has healed, the condition has not otherwise improved.
 
 
 9
 The district court dismissed Gonzales's state tort claims prior to issuance and service of process and granted summary judgment for defendants on Gonzales's Eighth Amendment claims. Gonzales timely appeals.
 
 II
 Merits
 A. Summary Judgment
 
 10
 We review de novo a grant of summary judgment. Hopkins v. Adaya, 958 F.2d 881, 884 (9th Cir.1992). Summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 1045.
 
 1. Deliberate Indifference to Safety
 
 11
 Gonzales contends that the district court erred by finding that defendants were not deliberately indifferent to his safety. This contention lacks merit.
 
 
 12
 In Whitley v. Albers, 475 U.S. 312 (1986), the Supreme Court provided the standard for determining the constitutional requirements imposed on the actions of the prison officials during riot circumstances:
 
 
 13
 Where a prison security measure is undertaken to resolve a disturbance ... that indisputably poses significant risks to the safety of inmates and prison staff, ... the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."
 
 
 14
 Id. at 320-321 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)); see also Vaughan v. Ricketts, 859 F.2d 736, 742 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989). In Hudson v. McMillian, 112 S.Ct. 995 (1992), the Supreme Court applied this standard under circumstances where a riot or major disturbance was not involved. Mere negligence on the part of prison officials is not sufficient to establish a claim under the Eighth Amendment. Whitley, 475 U.S. at 319.
 
 
 15
 Here, in support of their motion for summary judgment, defendants submitted evidence that Still-Popham inadvertently left the SHU door open 6-8" and that the warning shot was fired in a good faith effort to restore discipline. Gonzales has presented no evidence that defendants' actions were malicious or sadistic. At most, Gonzales has presented evidence that defendants' actions were negligent which is insufficient to establish a claim under the Eighth Amendment. See id. Accordingly, the district court properly granted summary judgment for defendants on this claim. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 
 16
 2. Deliberate indifference to Serious Medical Needs
 
 
 17
 Gonzales contends that the district court erred by finding that defendants were not deliberately indifferent to his serious medical needs. This contention lacks merit.
 
 
 18
 To show a violation of the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Hudson, 112 S.Ct. at 998; Estelle v. Gamble, 429 U.S. 97, 106 (1976). In addition, the Supreme Court has held that to demonstrate deliberate indifference a prisoner must allege facts sufficient to indicate a culpable state of mind on the part of prison officials. Wilson v. Seiter, 501 U.S. 294, 302 (1991). A difference of opinion about treatment does not amount to deliberate indifference to serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 19
 Here, the record shows that Gonzales was examined several times by Dr. Johns and other PBSP medical personnel. Gonzales was treated immediately after he was struck by the bullet fragment, x-rays were taken within a few days, and pain medication was made available. Although Gonzales maintains that the bullet fragment should be surgically removed, and he was ultimately scheduled to be transferred for surgery, this difference in opinion does not establish a claim for deliberate indifference under section 1983. See Sanchez, 891 F.2d at 242. Further, even assuming that the treatment Gonzales received was negligent or amounted to medical malpractice, such conduct does not rise to the level of deliberate indifference under the Eighth Amendment. See Broughton, 622 F.2d at 460. Moreover, Gonzales has not alleged facts sufficient to indicate a culpable state of mind on the part of defendants sufficient to demonstrate deliberate indifference. See Wilson, 501 U.S. at 302. Accordingly, the district court properly granted summary judgment for defendants on Gonzales's Eighth Amendment claim. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 B. Other Claims
 1. Pendent State Claims
 
 20
 To the extent that Gonzales alleged pendent state tort claims, the district court did not err by declining to retain jurisdiction over these claims because no federal cause of action remains. See Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990) (per curiam).
 
 2. Appointment of Counsel
 
 21
 Finally, Gonzales contends that the district court erred by denying his motion for appointment of counsel. This contention lacks merit.
 
 
 22
 This court reviews for abuse of discretion a district court's refusal to appoint counsel. United States v. 30.64 Acres of Land, 795 F.2d 796, 798 (9th Cir.1986). Generally there is no constitutional right to counsel in a civil case. Id. at 801. A district court, however, can designate counsel to represent indigent civil litigants under 28 U.S.C. Sec. 1915(d). Id. at 798. Motions for designation of counsel under section 1915(d) are addressed to the sound discretion of the district court and are granted only in exceptional circumstances. United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (per curiam), cert. denied, 455 U.S. 958 (1982). To decide whether exceptional circumstances exist, a court evaluates "the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 23
 Because Gonzales could articulate his claims and the legal issues involved were not complex, no exceptional circumstances warranted the appointment of counsel under section 1915(d). See id. Accordingly, the district court did not abuse its discretion by denying Gonzales's motion for appointment of counsel. See id.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3