43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James GINELLI, Plaintiff-Appellant,
v.
LOS ANGELES FIRE DEPARTMENT, Defendant-Appellee.
 No. 94-55200.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Ginelli appeals pro se the district court's denial of his motion to proceed in forma pauperis ("IFP") because of an inadequate showing of indigency. We have jurisdiction under 28 U.S.C. Sec. 1291 and review the denial of leave to proceed IFP for abuse of discretion, see O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). We vacate and remand the district court's order.
 
 
 3
 Ginelli contends that the district court erred by denying him IFP status because he had made an adequate showing of indigency. This contention has merit.
 
 
 4
 Pursuant to 28 U.S.C. Sec. 1915(a), a court may authorize the commencement of any action without prepayment of fees and costs by "a person who makes affidavit that he is unable to pay such costs." 28 U.S.C. Sec. 1915(a). In claiming poverty under section 1915(a), an applicant must state facts as to his indigency with "some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981), cert. denied, 455 U.S. 958 (1982).
 
 
 5
 Here, Ginelli stated facts showing indigency in his application for IFP status. See 28 U.S.C. Sec. 1915(a); McQuade, 647 F.2d at 940. Ginelli stated in his IFP application that, although he was currently employed, he earned only $100.00 a month, had no savings or checking account, had not received money from another source within the last twelve months, and owned no valuable property.
 
 
 6
 Nevertheless, the magistrate judge recommended the denial of Ginelli's application for IFP status on the ground that he had made an inadequate showing of indigency. The district court judge adopted the magistrate judge's recommendation and denied Ginelli's request. Neither the magistrate judge nor the district court judge elaborated on the finding that Ginelli had made an inadequate showing of indigency.[1]
 
 
 7
 Given these circumstances, we vacate the district court's order and remand for further proceedings.[2]
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court subsequently granted Ginelli's request to proceed IFP on appeal presumably because, in that application, Ginelli stated that he was unemployed and paid $820.00 a month in expenses
 
 
 [2]
 Ginelli's request for appointment of counsel is denied