48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lofofora CONTRERAS, a/k/a Michael Contreras, Plaintiff-Appellant,
v.
James GOMEZ, Director, et al., Defendants-Appellees.
 No. 93-17359.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lofofora Contreras, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failing to file either an opposition to defendants' motion to dismiss or an amended complaint. Contreras also appeals the district court's refusal to appoint him counsel pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Dismissal
 
 
 4
 We review for abuse of discretion a district court's dismissal on grounds that a party failed to comply with a district court order. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992), cert. denied, 113 S.Ct. 321 (1992).
 
 
 5
 "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Id. Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Id. We will not disturb the district court's dismissal unless there is a definite and firm conviction that the district court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.1986), cert. denied, 479 U.S. 829 (1986).
 
 
 6
 Pro se complaints are construed liberally. Ferdik, 963 F.2d at 1261. "Thus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Id.
 
 
 7
 Contreras contends that he should have been given additional time to file either a second amended complaint or an opposition to defendants' motion to dismiss because any delays in filing his court papers were beyond his control.
 
 
 8
 Contreras was given numerous opportunities to amend his complaint. Contreras's original complaint lacked requisite claims for relief pursuant to Federal Rule of Civil Procedure 8(a). The magistrate judge advised Contreras of this deficiency in an order dated December 6, 1991. Contreras filed an amended complaint which did not cure the deficiencies of his first complaint. Defendants filed a motion to dismiss based on Contreras's failure to state a claim for relief. On March 19, 1993, the magistrate judge granted Contreras's motion for an extension of time to file a second amended complaint or an opposition to defendants' motion to dismiss. The magistrate judge granted Contreras another extension of time on May 17, 1993. After no response from Contreras, the magistrate judge recommended dismissal on August 13, 1993. Contreras filed his objections to the dismissal on September 16, 1993. The district court judge adopted the magistrate judge's recommendations for dismissal on November 18, 1993, and dismissed Contreras's action.
 
 
 9
 The district court gave Contreras ample opportunity, over six months, to amend his complaint or to file an opposition. Under these circumstances, the district court did not abuse its discretion by dismissing the action. See Ferdik, 963 F.2d at 1260.
 
 II
 Appointment of Counsel
 
 10
 We review for abuse of discretion a district court's refusal to appoint counsel. United States v. 30.64 Acres of Land. 795 F.2d 796, 798 (9th Cir.1986).
 
 
 11
 Generally, there is no constitutional right to counsel in a civil case. Id. at 801. A district court can, however, designate counsel to represent indigent civil litigants under 28 U.S.C. Sec. 1915(d). Id. at 798. Motions for designation of counsel under section 1915(d) are addressed to the sound discretion of the district court and are granted only in exceptional circumstances. United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (per curiam), cert. denied, 455 U.S. 958 (1982). To evaluate whether exceptional circumstances exist, a court evaluates "the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 12
 Here, no exceptional circumstances warranted the appointment of counsel under section 1915(d). Accordingly, the district court did not abuse its discretion by denying Contreras's motion for appointment of counsel. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Contreras's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3