**UNITED STATES of America, ex rel.;, Plaintiff–Appellee,**

**Diane Philomenia GILES, aka United States of America aka Diane B. Giles, Plaintiff–Appellant,**

v.

**Lyle SARDIE; et al., Defendant–Appellees.**

**No. 03–56550.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 14, 2004.

David A. Ringnell, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions,

Los Angeles, CA, Diane Philomenia Giles, Riverside, CA, for Plaintiff–Appellee.

Gregory P. Segal, Segal, Cohen & Landis, Beverly Hills, CA, Evan Martinez, Montebello, CA, Greta T. Hutton, Esq., Knapp, Peterson & Clarke, Glendale, CA, George Warden, Space 136, Yucaipa, CA, Kelly S. Johnson, Esq., Kelly S. Johnson Law Offices, Newport Beach, CA, Dion O'Connell, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendant–Appellee.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

Diane Giles, as relator for the United States, appeals pro se from the district court's summary judgment for defendants in her qui tam action alleging that the City of Los Angeles and several private contractors submitted false claims to the Federal Emergency Management Agency, in violation of the False Claims Act, 31 U.S.C. § 3730(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *United States ex rel. Alfred Aflatooni v. Kitsap Physicians Service,* 314 F.3d 995, 1000 (9th Cir.2002). We review for abuse of discretion a district court's denial of leave to proceed in forma pauperis, *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir.2001), the district court's dismissal of an action for failure to prosecute, *Morris v. Morgan Stanley & Co.,* 942 F.2d 648,

* Because the panel unanimously finds this case suitable for decision without oral argument, Giles' request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

650 (9th Cir.1991), and the district court's decision to deny a motion for recusal. *United States v. Wilkerson,* 208 F.3d 794, 797 (9th Cir.2000). We affirm.

Summary judgment was proper on Giles' claims against the City of Los Angeles, defendants Mitchell, Martinez, the Dixon defendants, and the Shackelford defendants, because she failed to raise a genuine issue of material fact as to whether violations of the False Claims Act occurred. *See United States ex rel. Theodore Anderson v. Northern Telecom, Inc.,* 52 F.3d 810, 815 (9th Cir.1995).

Because the district court considered all the relevant factors, including Giles' failure to comply with a court order to show cause, the district court did not abuse its discretion by dismissing Giles' claims against the remaining defendants for failure to prosecute. *See Moneymaker v. CoBen (In re Eisen),* 31 F.3d 1447, 1451–56 (9th Cir.1994).

The district court did not abuse its broad discretion by denying Giles in forma pauperis status. *See United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981) (per curiam) (holding that a claim of poverty under 28 U.S.C. § 1915 must be supported by an affidavit stating the relevant facts with "some particularity, definiteness, and certainty").

The district court did not abuse its discretion by denying Giles' motion to recuse the presiding judge. *See* 28 U.S.C. § 144; *Leslie v. Grupo ICA,* 198 F.3d 1152, 1160 (9th Cir.1999).

We do not reach issues raised, but not argued, in Giles' opening brief. *See Kohler v. Inter–Tel Techs.,* 244 F.3d 1167, 1182 (9th Cir.2001) ("issues raised in a brief which are not supported by argument are deemed abandoned").

We also decline to consider contentions raised for the first time on appeal. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir. 2003).

Giles' remaining contentions lack merit.

**AFFIRMED.**