**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN WESLEY BUCKMAN, | No. 08-16537 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-02005-DGC-JJM |
| v. | |
| MCI WORLD COM INC., | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: HUG, REINHARDT and BYBEE, Circuit Judges.

Ryan Buckman appeals the district court's grant of summary judgment in

favor of MCI on his claims that MCI wrongfully terminated him in violation of the

Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act

("ADA"). He also argues that the district court erred by failing to appoint counsel

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for him and failing to give him adequate notice under Federal Rule of Civil Procedure 56. We affirm.

Under the FMLA, employees may take up to twelve weeks of time off for medical reasons, 29 U.S.C. § 2612(a), and it is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" this right to take approved leave, *id.* § 2615(a)(1). Buckman argues that MCI terminated him in part because he took FMLA leave. The regulations interpreting the FMLA state that an "employer may require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances." 29 C.F.R. § 825.302(d). Here, it is undisputed that MCI's attendance policy required employees to call in before their shift if they were going to be absent or tardy. Buckman concedes that on April 19, 2004, he called in forty-eight minutes after his shift began. He fails to offer any evidence that he was unable to call in before his shift. MCI also presented undisputed evidence that Buckman had received eleven previous warnings for violating this and other MCI policies and had been on final warning when he failed to call in before his shift. Buckman's claim that he was subject to a more lenient policy is defeated by the fact that he does not contend that the "more lenient policy" excused him from calling in timely on days that he would be absent. His

2

claim that MCI was on constructive notice that he was on FMLA leave lacks merit because it is undisputed that his authorized leave expired on Friday, April 16, and the FMLA allows an employer to require "an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances." 29 C.F.R. § 825.302(d).

Because the undisputed evidence establishes that Buckman was discharged because he failed to call in timely on April 19 after being placed on final warning, his claim that he was discharged as a result of his Hepatitis C also fails.

The district court did not err in failing to appoint counsel for Buckman. We have held that "[m]otions for appointment of counsel under section 1915 are addressed to the sound discretion of the trial court and are granted only in exceptional circumstances." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Buckman presents no argument that his case met the exceptional circumstances test.

Finally, the district court informed Buckman of his obligation under Rule 56 to produce authenticated documents to survive summary judgment as required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). The court was not required to provide further information about which documents Buckman should have authenticated and submitted.

3

AFFIRMED.