**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNEST NAPPER, JR., | No. 09-56245 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03446-UA-AN |
| v. | |
| R. K. WONG, individual and official capacity, Associate Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Arthur Nakazato, Magistrate Judge, Presiding[**]

Submitted February 15, 2011[***]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Ernest Napper, Jr., appeals pro se from the district

court's order denying his request to proceed in forma pauperis ("IFP") and file a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 1983 complaint. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990), and we affirm.

The district court did not abuse its discretion by denying Napper's IFP request because Napper failed to complete two questions on his IFP application concerning his financial capabilities, and the district court was unable to determine whether he was eligible for IFP status. *See* 28 U.S.C. § 1915(a)(1) (requiring that IFP application include information on "all assets such prisoner possesses"); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (when a claim of poverty is made under § 1915, it is essential for the application to state the facts as to poverty with some particularity, definiteness and certainty).

We note, however, that in light of an intervening change in law, Napper may have a viable claim. *See Byrd v. Maricopa County Sheriff's Department*, No.07-16640, 2011 WL 13920 (9th Cir. Jan. 5 2011) (en banc) (a cross-gender strip search conducted in the absence of emergency circumstances is unconstitutional under the Fourth Amendment).

We deny Napper's motion for appointment of counsel on appeal.

**AFFIRMED.**