FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

MAR 19 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HAL ANTHONY,

          Petitioner - Appellant,

   v.

UNITED STATES DEPARTMENT OF
THE INTERIOR; et al.,

          Respondents - Appellees.

No. 11-35030

D.C. No. 1:10-cv-03053-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

    The request to proceed in forma pauperis is granted.  The Clerk shall amend

the docket to reflect this status.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument and, therefore, denies Anthony's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

Hal Anthony appeals pro se from the district court's judgment in his appeal of the Interior Board of Land Appeals's decision concerning forfeiture of a mining claim. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). We affirm.

The district court did not abuse its discretion in dismissing Anthony's petition without prejudice because Anthony failed to submit an application to proceed in forma pauperis or pay the requisite filing fee, even though he was given over five months to do so and warned that failure to comply with the court's order could result in dismissal. *See id.* (factors for dismissing under Rule 41(b)); *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("[D]ismissal without prejudice is a more easily justified sanction for failure to prosecute."); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (when a claim of poverty is made under 28 U.S.C. § 1915, it is essential for the applicant to state the facts as to poverty with some particularity, definiteness and certainty).

Anthony's remaining contentions, including those concerning jurisdiction, are unpersuasive.

**AFFIRMED.**