**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER WELLS, | No. 13-57176 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-07511-UA-DUTY |
| v. | |
| JOE ACOSTA, Team Leader; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted June 22, 2015[**]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Christopher Wells appeals pro se from the district court's order denying his

motion for leave to proceed in forma pauperis ("IFP") in his action alleging

employment discrimination. We have jurisdiction under 28 U.S.C. § 1291. We

review for an abuse of discretion. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1990). We affirm in part, vacate in part, and remand.

The district court did not abuse its discretion by denying Wells's motion to proceed IFP because Wells failed to verify his poverty adequately. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (an affidavit under 28 U.S.C. § 1915(a) is sufficient if it shows the person cannot pay court costs and "still be able to provide himself and dependents with the necessities of life" (citation and internal quotation marks omitted)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (a § 1915 affidavit must state facts "with some particularity, definiteness and certainty" as to indigency).

On appeal, Wells contends that, after the district court denied his motion to proceed IFP, he did not have an opportunity to pay the initial filing before his case was closed. In *Escobedo v. Applebees et al.*, — F.3d —, 2015 WL 3499902, at *6 (9th Cir. June 4, 2015), which was issued after the district court's decision, this court stated that "a would-be plaintiff must be given a reasonable time after a denial of an [IFP] application to pay the fee." Therefore, in light of intervening authority, we vacate the judgment and remand for Wells to have an opportunity to pay the initial filing fee.

**AFFIRMED in part, VACATED in part, and REMANDED.**

13-57176