**Melvin MORRIS, Jr., and Ramona Morris, Plaintiffs-Appellants,**

v.

**UNITED STATES of America et al., Defendants-Appellees.**

**No. 74–1579.**

United States Court of Appeals, Ninth Circuit.

Sept. 4, 1975.

---

William R. Freeman (argued), Los Angeles, Cal., for plaintiffs-appellants.

Joseph M. McManus, Atty. (argued), Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

## OPINION

Before KOELSCH and CHOY, Circuit Judges, and SOLOMON,* District Judge.

CHOY, Circuit Judge:

Morris and his wife appeal from dismissal of their action for damages brought under 28 U.S.C. §§ 1346(b) and 2674 against the United States and various public officials and employees. We affirm.

### Facts

For purposes of this appeal, we assume that the following allegations contained in appellants' complaint are true. During the 1960's Morris was engaged in a plumbing and contracting business in Los Angeles. From 1960 to 1965 he acquired 18 substandard buildings in San

---

* The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

Francisco to rehabilitate and resell. To finance improvements to the buildings, Morris relied extensively on credit extended by lenders, subcontractors and suppliers. Because Morris did not use Union labor in his business, a Union representative said Morris could expect a visit from the Internal Revenue Service (IRS). Not long thereafter the IRS called on Morris for an audit of his books, and later audited appellants' income tax returns for the years 1960–65. The IRS subsequently determined that appellants owed back taxes for excess depreciation taken on the buildings. During the course of its investigation and collection activities, the IRS told Morris's creditors of the tax liability and said that he would be insolvent as a result; consequently Morris's credit dried up and he was forced out of business. Further, the IRS and its agents in their collection attempts harassed and intimidated Morris and his wife and on several occasions unlawfully seized and levied upon property belonging to them.

In 1970, after years of investigation, auditing and partially successful collection activity, the IRS determined that appellants owed no taxes and returned $6,500.00 which had been collected through various levies and seizures.

After filing an unsuccessful administrative claim for damages against the IRS, appellants filed the present action against the United States, the Secretary of the Treasury, the Treasurer of the United States, and an Internal Revenue officer. The district court's dismissal was grounded upon a lack of subject matter jurisdiction under 28 U.S.C. § 1346(b). We affirm.

## Jurisdiction

It is well-settled, and appellants do not dispute, that the United States government may not be sued unless it has specifically waived its sovereign immunity. Thus, the exclusive jurisdiction over civil actions against the United States conferred on federal district courts, 28 U.S.C. § 1346, is limited to cases in which the government has consented to be sued.

In this case, appellants brought action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, which waives the sovereign immunity defense in tort claims against the United States. 28 U.S.C. § 2674. The waiver, however, is severely limited by several exceptions spelled out in 28 U.S.C. § 2680. If a plaintiff's tort claim falls within one of the exceptions, the district court lacks subject matter jurisdiction. *Gibson v. United States*, 457 F.2d 1391 (3rd Cir. 1972).

Appellees assert that the § 2680(c) exception, covering claims "arising in respect of the assessment or collection of any tax," applies in this case and bars appellants' action against the United States. We agree. Even assuming *arguendo* that the Internal Revenue agents' collection activity was beyond the normal scope of authority and amounted to tortious conduct, we find that the claim falls squarely within the exempted group of tort claims arising out of tax collection efforts. *Krouse v. United States Government Treasury Department Internal Revenue Service*, 380 F.Supp. 219, 222 (C.D.Cal.1974); see *Broadway Open Air Theatre v. United States*, 208 F.2d 257 (4th Cir. 1953).

The alleged conduct of the IRS agents, if true, would be deplorable; nevertheless, the district court lacked subject matter jurisdiction over the claims against them. Although the Federal Tort Claims Act does not bar damage actions against individual federal employees, the Act merely permits certain types of actions against the United States. The Act does not create a general federal cause of action for tortious conduct against federal employees. For a claim against other parties to be joined with a claim against the United States under the Federal Tort Claims Act, an independent ground for jurisdiction must exist. *Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969).

Consistent with the Act, 28 U.S.C. § 1346(b) confers on the district court jurisdiction only over actions against the United States. There is no provision in the jurisdictional statute which covers actions for damages in tort against federal employees and officials. Accordingly, the claims against the individual defendants, which were based solely on § 1346(b) and § 2674 (Federal Tort Claims Act),[1] were properly dismissed by the district court for lack of subject matter jurisdiction.

Affirmed.

---

1. Although the Morrises in their appellate brief generally characterize the IRS actions as violative of their constitutional right to due process of law, their amended complaint makes no statement of jurisdiction other than that the suit is brought under 28 U.S.C. §§ 1346(b) and 2674. Federal courts are courts of limited jurisdiction, and the burden is on the party asserting the jurisdiction of the court to show that jurisdiction does, in fact, exist. *See Bowman v. White,* 388 F.2d 756 (4th Cir. 1968); *Barkhorn v. Adlib Associates, Inc.,* 345 F.2d 173, 174 (9th Cir. 1965); Fed.R.Civ.P. 8(a)(1). The appellants have failed to meet that burden.