**William F. McQUADE, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 87–5753.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1987.

Decided Feb. 19, 1988.

Geoffrey M. Warren, Hermosa Beach, Cal., for plaintiff-appellant.

Elgin C. Edwards, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before ALARCON, NELSON and REINHARDT, Circuit Judges.

ALARCON, Circuit Judge:

Appellant William F. McQuade appeals from the district court order dismissing his negligence claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680

(1982), for lack of subject matter jurisdiction. We affirm.

**I**

In 1976, the government brought an action against McQuade and his wife to foreclose tax liens on real property owned by them. In that matter, the McQuades represented themselves in propria persona after the district court refused to hear their request for court-appointed counsel. The government prevailed, and judgment was entered against the McQuades for $14,-236.94. On appeal, we vacated the judgment and instructed the district court to hear the McQuades' motion for appointment of counsel. *United States v. McQuade,* 579 F.2d 1180, 1181 (9th Cir. 1978).

On remand, the district court heard and denied the McQuades' motion for a court-appointed counsel because the McQuades refused to disclose any specific information about their financial status. The district court entered judgment against the McQuades for $14,236.94. On appeal, we affirmed the district court's denial of the motion for appointment of counsel. *United States v. McQuade,* 647 F.2d 938, 939–40 (9th Cir.1981) (per curiam), *cert. denied,* 455 U.S. 958, 102 S.Ct. 1470, 71 L.Ed.2d 677 (1982).

The government then began efforts to collect the taxes due under the judgment. The government obtained an order requiring McQuade to appear before a magistrate for questioning with regard to his financial ability to pay the debt. He failed to appear.

McQuade was ordered to appear before the district court on June 21, 1982. He appeared but refused to answer any questions about his finances. The court found McQuade in contempt and remanded him to the custody of the United States Marshal's office. The court informed McQuade, "[y]ou will be committed until such time as you are ready to answer the questions...." The court ordered the Marshal to hold McQuade until he responded.

The Marshal transferred custody of McQuade to the Federal Bureau of Prisons (Bureau). Pursuant to orders from the district court, the Bureau returned McQuade to court for questioning on no less than five occasions. On each appearance he refused to answer any questions about his finances.

On February 5, 1985, over two years and nine months after he was committed for contempt, McQuade filed a petition with the district court requesting release from custody on the ground that he had been incarcerated for more than eighteen months, the maximum time allowable for contempt citations under 28 U.S.C. § 1826 (1982). The court granted McQuade's petition and released him.

Thereafter, McQuade brought this action against the United States pursuant to the FTCA. He claims that he was illegally incarcerated due to the negligence of the Marshal and the Bureau. The district court dismissed McQuade's claim for lack of subject matter jurisdiction. The court concluded, inter alia, that the United States was immune from liability under 28 U.S.C. § 2680(a) (1982).

The district court held that the United States was immune because the Marshal and the Bureau were required by separate regulations to hold McQuade until the court ordered him released. Section 2680(a) provides the United States is immune from liability for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid...." It also held that the district judge is not an employee of the United States for purposes of the FTCA and, therefore, the United States is not, under the statute, liable for his acts.

## II

McQuade claims the district court erred in dismissing his complaint for lack of subject matter jurisdiction. The existence of "[s]ubject matter jurisdiction presents a question of law, reviewable de novo by this court." *Peter Starr Production Co. v.* *Twin Continental Films,* 783 F.2d 1440, 1442 (9th Cir.1986); *accord Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.,* 810 F.2d 869, 873 (9th Cir.1987).

## III

It is settled law that the United States may not be sued except when it waives its sovereign immunity. *West v. FAA,* 830 F.2d 1044, 1046 (9th Cir.1987); *Morris v. United States,* 521 F.2d 872, 874 (9th Cir. 1975). While the United States "generally has waived its immunity from tort claims," *Jablonski by Pahls v. United States,* 712 F.2d 391, 394 (9th Cir.1983), *rev'd on other grounds, In re McLinn,* 739 F.2d 1395, 1397 (9th Cir.1984) (en banc), this waiver "is subject to several exceptions spelled out in 28 U.S.C. § 2680. If a plaintiff's claim falls within one of those exceptions, the court lacks subject matter jurisdiction." *Wright v. United States,* 719 F.2d 1032, 1034 (9th Cir.1983); *accord Monaco v. United States,* 661 F.2d 129, 131 (9th Cir. 1981), *cert. denied,* 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982); *Morris,* 521 F.2d at 874.

## IV

The complaint shows that the Marshal and the Bureau were acting pursuant to a court order throughout the time McQuade was incarcerated. Under Section 2680(a), the United States has not waived its sovereign immunity over McQuade's claim if the Marshal and the Bureau were acting pursuant to a regulation in detaining McQuade more than 18 months. The Marshal was under a duty pursuant to 28 C.F.R. § 0.111(k) (1987) to hold McQuade until the court ordered his release. Section 0.111(k) provides that the Marshal must hold prisoners "from the time of ... their remand to a marshal by the court, until the prisoner is ... otherwise released from custody *by the court....*" (Emphasis added).

The Bureau was required to hold McQuade pursuant to 28 C.F.R. § 522.10 (1986) until the court ordered his release. Section 522.10 provides that the Bureau shall hold civil contemptors until it "re-

ceives notification *from the court* that the reason for the contempt commitment has ended or that the inmate is to be released for any other reason." (Emphasis added).

McQuade argues that his claim is not barred by Section 2680(a) because the Marshal and the Bureau did not exercise due care in the conduct of their duties by failing to question the validity of the court order under which he was detained. We disagree. The Marshal and the Bureau owed no duty to McQuade to question the validity of the court order. *See Whirl v. Kern,* 407 F.2d 781, 791 (5th Cir.1969) ("a jailer cannot be held liable for errors in a warrant of commitment fair and valid on its face"), *cert. denied,* 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969); *Francis v. Lyman,* 216 F.2d 583, 585 (1st Cir.1954) (Correctional officers had "neither the legal duty nor the legal authority ... to go behind ... [a] judicial order of commitment to inquire into [its] validity"); *Zuranski v. Anderson,* 582 F.Supp. 101, 109 (N.D.Ind. 1984) ("[t]o require the sheriff or warden to investigate each order of commitment by a judge and to independently determine if the sentence was legally imposed would be absurd").

McQuade argues the Bureau's duty was established by 28 C.F.R. § 524.40 *et seq.* (1986), which require the Bureau to "maintain[ ] current information on each inmate through progress reports," including information on the prisoner's sentence and tentative release date. McQuade's reliance on these regulations is misplaced. Sections 524.40 *et seq.,* do not require the Bureau to interpret the validity of a court order in remanding a person to its custody. These regulations simply require the Bureau to record information set forth in the commitment order. The Bureau complied with this duty.

We also agree with the district court that the district judge's alleged negligence cannot provide the basis for McQuade's claim. We have previously held in *Foster v. Mac-Bride,* 521 F.2d 1304, 1305 (9th Cir.1975) that "a federal district judge in trying cases is a member of the independent judiciary and is not under the control of the United States. Therefore, he is not an 'employee of the government' as required by 28 U.S.C. § 1346." Our analysis in *Foster* requires us to reach a similar conclusion with respect to the sentencing function.

## V

Because we conclude that the United States is immune from liability pursuant to Section 2680(a), we need not consider whether McQuade's claim is barred by any other exception to the FTCA, or if a valid cause of action can be stated under these circumstances against custodial officials under California law.

AFFIRMED.

REINHARDT, Circuit Judge, concurring and in which NELSON, Circuit Judge, also joins:

I concur in the majority opinion. I would, however, add the following:

Our opinion holds only that the Federal Tort Claims Act does not afford relief to a person who is incarcerated under a contempt order for longer than the law permits—at least not in a case where the applicable regulations and court order require the custodial officers to hold the individual until the court directs his release and the officers comply with that order.

Two questions must occur to anyone confronted with the patent injustice that occurred when McQuade was unlawfully incarcerated for well over a year. First, what steps can be taken to ensure that similar episodes do not occur in the future. That is initially a matter both for the district court and for those responsible both for drafting and promulgating the sections of the regulations that presently tie the hands of the Marshal and the Bureau of Prisons. While there appears to be little justification for the errors that occurred in this case, there is certainly no reason why steps cannot be taken immediately to avoid similar incidents in the future. The second question involves the matter of compensation. We are not asked to consider here whether remedies other than the Federal

Tort Claims Act are available. If none exist in cases such as the one before us, Congress might wish to consider whether one should be provided.

The contempt power carries with it the inherent danger of arbitrariness and abuse. When exercising that power, a sentencing judge has a particular responsibility to ensure that all persons are treated fairly and within the limits of the law.[1] That includes ensuring that the order of contempt sets forth the maximum period of time for which the person confined may be held.[2]

Judge NELSON joins in this concurring opinion

---

1. District Judge Rafeedie whose decision we affirm was not the judge who ordered McQuade incarcerated. That order was issued by a different judge of the same district.

2. It is worthy of note that McQuade was ordered incarcerated when he refused to answer questions "until an attorney was appointed to represent him". Perhaps the appointment of an at-

torney for a person facing 18 months confinement under the law (and 33 months in actuality) would have avoided this regrettable occurrence.