956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonard LEVY, Plaintiff-Appellant,
v.
UNITED STATES of America Defendant-Appellee.
 No. 91-15490.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 12, 1992.*
Decided Feb. 14, 1992.
 
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leonard Levy challenges the district court's application of the discretionary function exception to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(a), to bar his claim against the Securities Exchange Commission (SEC) for their negligent or intentional failure to investigate and disclose the insolvency of the company Levy acquired.
 
 FACTS:
 
 3
 Plaintiff/Appellant Leonard Levy brought this action under the (FTCA), 28 U.S.C. § 2680(a), alleging that there was no discretion involved in the SEC's failure to investigate and disclose the insolvency of Information Displays, Inc. (IDI). Levy furthermore asserts that the SEC was involved in a premeditated conspiracy with IDI to conceal the illegal accounting activities of IDI and "protect those they are supposed to regulate". As a result, Levy acquired IDI, thereby incurring significant damages. On January 30, 1991, the district court found Levy's action to be barred by the discretionary function exception to the FTCA and dismissed Levy's action for lack of subject matter jurisdiction.
 
 
 4
 THE CONSPIRACY CLAIM IS FRIVOLOUS.
 
 
 5
 The district court correctly ruled that Levy's claim that the SEC was involved in a conspiracy was devoid of merit. This assertion was unsupported by facts in the record.
 
 
 6
 THE SEC HAS NO DUTY TO INVESTIGATE FALTERING CORPORATIONS.
 
 
 7
 The district judge correctly noted that the SEC has no affirmative duty to investigate the financial wealth of companies. The express language of the Securities and Exchange Act of 1934 provides that the SEC "may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this title, the rules or regulations thereunder...." 15 U.S.C. § 78u(a) (emphasis added). Thus, from the plain language of the statute, investigations are to be performed at the discretion of the SEC.
 
 
 8
 Moreover, the SEC does not warrant that all companies offering securities are as they represent themselves to be. Investors are responsible for investigating the companies in which they plan to purchase stock. Participants in public offerings have a duty to purchasers to make representations accurately reflect its assets and liabilities. These duties have not been imposed upon the SEC.
 
 
 9
 THE SEC IS IMMUNE FROM SUIT UNDER THE DISCRETIONARY FUNCTION EXCEPTION TO THE FEDERAL TORT CLAIMS ACT.
 
 
 10
 Although the FTCA provides for a limited waiver of sovereign immunity, it does not apply to "the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The Supreme Court, in Berkovitz v. United States, 486 U.S. 531 (1988), outlined a two-prong test to use in determining whether an action is discretionary. The court must first determine whether the challenged conduct involved a permissible element of policy judgment or choice and then determine whether the discretion involved was the kind the discretionary function exception was designed to protect. Id. at 536.
 
 
 11
 As discussed above, Congress has indicated that SEC investigations are to be discretionary. See 15 U.S.C. § 78u(a). It follows that investigations involve a permissible element of choice.
 
 
 12
 In United States v. S.A. Empresa De Viacao Area Rio Grandense (Varig Airlines), 467 U.S. 797, 809-810 (1983), the Supreme Court further discussed the broad reach of the discretionary function exception. The Court discussed Congressional intent in passing the legislation by noting that Assistant Attorney General Francis M. Shea appeared before the House Committee and described the discretionary function exception as "highly important". Shea stated that,
 
 
 13
 "[The exception is] designed to preclude application of the act to a claim based upon an alleged abuse of discretionary authority by a regulatory or licensing agency--for example, the ... Securities and Exchange Commission.... It is neither desirable nor intended that the ... the propriety of a discretionary administrative act should be tested through the medium of a damage suit for tort."
 
 
 14
 Id. (quoting Hearings on H.R. 5373 and H.R. 6463 before the House Committee on the Judiciary, 77th Cong., 2d Sess., 28, 33 (1942). The legislative materials illustrate Congress' intent to protect the SEC's ability to choose which companies to investigate. The SEC's inaction in the present case was precisely the kind of conduct which the FTCA intended to exempt from a partial waiver of sovereign immunity.
 
 
 15
 The district court correctly held that the discretionary function exception insulates the Government from liability if the challenged action involves a permissible exercise of judgment. In Morris v. United States, 521 F.2d 872, 874 (9th Cir.1975), we held that if the tort falls within a 28 U.S.C. § 2680 exception, the district court lacks subject matter jurisdiction.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3