Ivan L. ISAACSON and Nancy Isaacson, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. S–93–0895 DFL GGH.

United States District Court,
E.D. California.

Dec. 9, 1993.

---

**130**

Ivan L. Isaacson and Nancy Isaacson, in pro. per.

Diana P. Nowezki, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, DC, for defendant.

## ORDER

LEVI, District Judge.

Plaintiffs Ivan L. Isaacson and Nancy Isaacson originally filed a complaint against the United States and individual IRS agents on June 2, 1993. Specifically, the Isaacsons alleged that defendants violated their rights to due process under the Fifth Amendment. The Isaacsons sought return of their property taken as a result of IRS levies, declaratory relief, and injunctive relief from future tax collection against their property.

On June 23, 1993, the United States filed a Notice of Substitution with respect to any claims the Isaacsons may have made against the individual defendants in their official capacities. On August 3, 1993, the government filed a motion to dismiss the original complaint. The government argued that the Isaacsons had failed to: (1) properly serve the individual defendants; (2) allege and prove a waiver of sovereign immunity by the United States; and (3) properly allege an appropriate damages action against the United States or against the individual defendants.

Instead of filing an opposition to the United States' motion, the Isaacsons filed a motion for leave to amend their complaint, and filed a proposed amended complaint, naming only the United States as a defendant, and seeking the same remedies as specified in the original complaint. The proposed amended complaint asserted that jurisdiction was proper under 28 U.S.C. §§ 1330, 1605(a)(1), 1605(a)(4) and under Article IV, § 3 of the United States Constitution.

By order dated August 31, 1993, the court construed the Isaacsons' motion to amend as their opposition to the government's motion. On September 14, 1993, the court dismissed the amended complaint without prejudice on the grounds that the Isaacsons had provided no argument or evidence that they had served the United States in accordance with Fed.R.Civ.P. 4, and because the Isaacsons had failed to demonstrate that the government had expressly waived its sovereign immunity.

On October 8, 1993, the Isaacsons filed another amended complaint, this time seeking only damages and injunctive relief. On October 22, 1993, the United States filed a motion to dismiss the amended complaint.

■ The United States, as sovereign, may only be sued to the extent it consents to suit by statute. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). Absent a showing by a plaintiff of an explicit waiver of sovereign immunity, the court lacks jurisdiction and the case must be dismissed. *Block v. North Dakota*, 461 U.S. 273, 280, 103 S.Ct. 1811, 1816, 75 L.Ed.2d 840 (1983). In addition, suits brought against the United States "for the purpose of restraining the assessment or collection of any tax" are narrowly limited by the Anti–Injunction Act. 26 U.S.C. § 7421(a); *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir.1990); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 (9th Cir.1982). There are both case law and statutory exceptions to the Act's bar on injunctive relief. *See, e.g.,* 26 U.S.C. § 6213(a) (exceptions to Anti–Injunction Act where statutory notice procedures have not been followed). "If a taxpayer fails to establish that his suit falls within one of the statutory or judicially created exceptions to the Act, the district court lacks subject matter jurisdiction and must dismiss the complaint." *Jensen v. Internal Revenue Service*, 835 F.2d 196, 198 (9th Cir.1987). Moreover, "the constitutional nature of a tax-

payer's claim, as distinct from its probability of success, is of no consequence under the Anti–Injunction Act." *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 759, 94 S.Ct. 2053, 2058, 40 L.Ed.2d 518 (1974).

The Isaacsons have failed to cite any statutory or constitutional provision that waives the sovereign immunity of the United States in this context. Rather, they have only cited the same statutory and constitutional provisions that the court previously held do not confer a right of action for their requested relief. To the extent that the Isaacsons seek damages for torts arising out of tax collection or assessment, this action is barred by the Federal Tort Claims Act. 28 U.S.C. § 2680(c); *see Smith v. Brady*, 972 F.2d 1095, 1099–1100 (9th Cir.1992) (noting that § 2680(c) forecloses suits for allegedly tortious acts related to the collection of taxes); *cf. Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 306–07 (5th Cir.1985) (holding that § 2680(c) prevented plaintiff from asserting a claim against the IRS for common law conversion in connection with an alleged wrongful tax levy), *cert. denied*, 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986). In addition, the Isaacsons have failed to establish that their claim falls within one of the statutory or judicially created exceptions to the Anti–Injunction Act.

The motion of the United States to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is granted with prejudice.

IT IS SO ORDERED.