39 F.3d 1187
 74 A.F.T.R.2d 94-6946
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy J. MURRAY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-35156.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leroy J. Murray appeals pro se the district court's order substituting the United States as the proper party, removing his action to federal district court, and dismissing his claim for lack of subject-matter jurisdiction. Murray filed his complaint in Idaho state court seeking monetary damages from four federal employees for actions taken in connection with the assessment and collection of taxes. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Background
 
 
 4
 Murray filed this action in the First Judicial District Court for the State of Idaho against four federal employees. Murray alleged that one of them improperly placed a levy on his wages and all four disregarded an Idaho state court temporary restraining order prohibiting the garnishment of his wages. The defendants removed the action to the United States District Court for the District of Idaho. Subsequently, the United States Attorney General certified that all four named defendants were acting within the scope of their employment and the United States was, therefore, substituted as the proper party. Finding that Murray's claim was barred by the Federal Tort Claims Act ("FTCA"), the district court dismissed Murray's action for lack of subject-matter jurisdiction. Murray timely appeals.
 
 II
 
 5
 Substitution of the United States as Defendant
 
 
 6
 Murray contends that the defendants were not acting within the scope of their employment and, therefore, the district court improperly substituted the United States as the defendant. This contention lacks merit.
 
 
 7
 "The Federal Employees Liability Reform and Tort Compensation Act ('FELRTCA') immunizes United States employees from liability for their 'negligent or wrongful act[s] or omission[s] ... while acting within the scope of [their] office or employment.' " Green v. Hall, 8 F.3d 695, 698 (9th Cir.1993) (quoting 28 U.S.C. Sec. 2679(b)(1)), cert. denied, 62 U.S.L.W. 3775 (U.S. Oct. 3, 1994). The Attorney General certifies whether a United States employee was acting within the scope of his or her employment at the time of the event giving rise to the claim. Id. The Attorney General, pursuant to 28 U.S.C. Sec. 510, has delegated this authority to the United States Attorneys. 28 C.F.R. Sec. 15.3; see also Meridian Int'l Logistics Inc. v. United States, 939 F.2d 740, 743 n. 2 (9th Cir.1991). Once certification is given, the FELRTCA requires the substitution of the United States as the defendant. Green, 8 F.3d at 698. Under the terms of the FELRTCA, the substitution of the United States leaves the plaintiff with a single avenue of recovery, the FTCA, 28 U.S.C. Secs. 1346, 2671 et seq. 28 U.S.C. Sec. 2679(d)(4); Green, 8 F.3d at 698.
 
 
 8
 We review de novo the Attorney General's scope of employment certification. Id.; Meridian, 939 F.2d at 745. The party challenging the certification bears the burden of presenting evidence and disproving the attorney General's decision to grant scope of employment certification by a preponderance of the evidence. Green, 8 F.3d at 698.
 
 
 9
 In determining whether a United States employee acted within the scope of her office or employment within the meaning of the FELRTCA, we apply the respondeat superior principles of the state in which the alleged tort occurred. Id. at 698-99. Under the doctrine of respondeat superior in Idaho, an employer is liable for negligent acts or omissions of its employee committed in the scope of his employment. Scrivner v. Boise Payette Lumber Co., 268 P. 19, 21 (Idaho). When determining whether an employee was acting within the scope of his employment when he committed the alleged tort, a court must determine the "right to control reserved by the employer over functions and duties of the agent." Van Vranken v. Fence-Craft, 430 P.2d 488, 493 (Idaho).
 
 
 10
 Murray alleges that the defendants were acting outside the scope of their office by placing the levy on his wages and refusing to comply with the state court order temporarily enjoining the garnishment of his wages. Murray, however, has not supported this conclusory allegation with any evidence to disprove the Attorney General's certification that the four individuals were acting within the scope of their employment. Therefore, he has not carried his burden of disproving the Attorney General's certification. See Green, 8 F.3d at 698.
 
 
 11
 Furthermore, applying Idaho's doctrine of respondeat superior, it is clear that all four defendants were acting within the scope of their employment. In his complaint, Murray alleged that Sandy Grossman, an IRS employee, improperly placed a levy on his wages. Murray further alleged that Grossman, Jack Cheskaty and Kay Mosher, other IRS employees, acted improperly by not lifting the levy in compliance with the state court order. Murray also alleged that Keith Duet, a trial attorney with the Tax Division of the United States Department of Justice, acted outside the scope of his employment by not lifting the levy on his wages. Clearly, the actions of all four defendants were for the sole purpose of carrying out the objectives of their employer. The allegations relate to the defendants' official duties--the assessment and collection of taxes.[1] Thus, at all times the United States had the right to control their functions and duties. See Van Vranken, 430 P.2d at 493. Therefore, the Attorney General properly certified that all four individuals were acting within the scope of their employment. See Green, 8 F.3d at 698-99. Accordingly, the district court was required to substitute the United States as the proper party. See id. at 698.
 
 III
 Federal Court Jurisdiction
 A. Removal
 
 12
 Murray contends that the district court improperly removed his action from Idaho state court and, therefore, the district court should remand his action back to the Idaho state courts. This contention lacks merit.
 
 
 13
 Once the Attorney General certifies that the employee was acting within the scope of his employment at the time of the event giving rise to the claim, the FELRTCA requires that an action originally filed in state court be removed to federal court. 28 U.S.C. Sec. 2679(d)(2); Green, 8 F.3d at 698. The Attorney General's scope of employment certification is conclusive and unreviewable for the purposes of removal. Meridian, 939 F.2d at 744.
 
 
 14
 Here, because the Attorney General certified that the four named individuals were acting within the scope of their employment, the district court was required to remove Murray's action from Idaho state court. See 28 U.S.C. Sec. 2679(d)(2); Green, 8 F.3d at 698. Moreover, Murray may not challenge the Attorney General's certification for removal purposes. See Meridian, 939 F.2d at 744. Therefore, the district court properly removed Murray's action to the federal district court. See Green, 8 F.3d at 698; Meridian, 939 F.2d at 744.
 
 B. Subject-matter Jurisdiction
 
 15
 As stated above, once the district court substituted the United States as the proper party, Murray's only avenue of recovery was the FTCA. See Green, 8 F.3d at 698.
 
 
 16
 Although the United States generally waived its immunity from tort claims with enactment of the FTCA, this waiver is subject to the exceptions listed in 28 U.S.C. Sec. 2680. McQuade v. United States, 839 F.2d 640, 642 (9th Cir.1988). If a claim falls within one of the listed exceptions, federal courts lack subject-matter jurisdiction. Id. Section 2680(c) expressly precludes any claim "arising in respect of the assessment or collection of any tax" from being brought under the FTCA. 28 U.S.C. Sec. 2680(c). Because Murray's claim arises out of the IRS and the Department of Justice employees' attempts to assess and collect taxes, his action is barred by the FTCA. See 28 U.S.C. Sec. 2680(c). Therefore, while the federal court was the proper forum for Murray's action, the district court lacked subject-matter jurisdiction over Murray's claim. See id.; McQuade, 839 F.2d at 642.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Murray's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that this court affirmed the grant of summary judgment for the United States in Murray's action seeking to quiet title to personal property and seeking a tax refund and damages. With regard to Murray's challenge to assessment and collection of taxes at issue in the instant the appeal, we held that summary judgment was proper because the IRS had submitted presumptive evidence that it properly assessed his taxes for the years in question. Murray v. United States, No. 93-35932, unpublished memorandum disposition (9th Cir. Aug. 8, 1994)