53 F.3d 340
 75 A.F.T.R.2d 95-2013
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TOWE ANTIQUE FORD FOUNDATION, its officers and directors,
Plaintiff-Appellant,
v.
IRS; Department of Treasury; United States of America; John
A. Dearing, et al., Defendants-Appellees.
 No. 93-17181.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1995.*
Decided April 26, 1995.
 
 Before: TANG, SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Towe Antique Ford Foundation ("TAFF") brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Secs. 2671-2680, seeking damages from the Internal Revenue Service ("IRS") and various individually named IRS agents who seized more than 90 antique automobiles in an attempt to satisfy federal tax liabilities of Edward and Florence Towe. The district court dismissed TAFF's tort claims after concluding the government's immunity from suit for "any claim arising in respect of the assessment or collection of any tax," 28 U.S.C. Sec. 2680(c), deprived it of subject matter jurisdiction. Additionally, the district court found TAFF's due process claim barred by the doctrine of res judicata. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 On July 31, 1989, the IRS levied on 91 antique automobiles located in Sacramento, California and Deer Lodge, Montana in an attempt to satisfy the delinquent federal tax liabilities of Edward and Florence Towe. On the same day, John A. Dearing, a public relation officer with the Sacramento, California, IRS office, notified the local media of the impending seizure action and made various statements concerning Edward Towe.
 
 
 4
 TAFF filed a wrongful levy action in the District Court of Montana claiming ownership of the seized antique cars. The district court determined that TAFF was the alter ego of Edward Towe, and that the levy was therefore lawful. Towe Antique Ford Found. v. IRS, 791 F. Supp. 1450, 1453-57, 1459 (D. Mont. 1992). The district court's judgment was affirmed by a decision of this court in Towe Antique Ford Found. v. IRS, 999 F.2d 1387, 1390-94 (9th Cir. 1993). We also considered and rejected TAFF's claim that the seizure of the antique automobiles violated its due process rights. Id. at 1394 ("TAFF was not entitled to a hearing before the automobiles were levied by the IRS.").
 
 
 5
 While TAFF's wrongful levy action was pending before this court, TAFF filed an action in the Eastern District Court of California under the FTCA and the Civil Rights Act, 42 U.S.C. Secs. 1983 and 1985, seeking damages from the IRS and individually named IRS agents. TAFF asserted various claims based on the seizure of the antique automobiles and statements made by press officer Dearing to Sacramento area media.
 
 
 6
 Pursuant to 28 U.S.C. Sec. 2679(d)(1), the Attorney General certified that the individually named defendants were acting within the scope of their employment at the time of the seizure, and the United States ("government") was substituted as the party defendant. The government moved to dismiss the complaint, and TAFF moved to amend its complaint a second time. The district court granted the government's motion on the grounds that it lacked subject matter jurisdiction over TAFF's tort claims, that TAFF's civil rights claims were time-barred, and that TAFF's due process claim was barred by the doctrine of res judicata. The district court denied TAFF's motion after concluding the proposed amendments could not cure the jurisdictional defects underpinning the court's decision.
 
 
 7
 On appeal, TAFF contends the district court erred by 1) dismissing the claims based on the statements of press officer Dearing; 2) dismissing the malicious prosecution claim; and 3) dismissing the due process claim. We disagree and for the reasons set forth below, we affirm the district court's decision.
 
 STANDARD OF REVIEW
 
 8
 "A district's court dismissal of a complaint for lack of subject matter jurisdiction is reviewed de novo." Morrill v. United States, 821 F.2d 1426, 1426 (9th Cir. 1987). We may affirm the district court's decision on any grounds supported by the record. See Bd. of Trustees of the Constr. Laborers' Pension Trust v. M.M. Sundt Constr. Co., 37 F.3d 1419, 1420 (9th Cir. 1994).
 
 DISCUSSION
 
 9
 "It is settled law that the United States may not be sued except when it waives its sovereign immunity." McQuade v. United States, 839 F.2d 640, 642 (9th Cir. 1988). "Under the FTCA, the United States may be liable in tort if a private individual would have been liable under the law of the place where the act or omission occurred." Wright v. United States, 719 F.2d 1032, 1034 (9th Cir. 1983). This waiver, however, "is subject to several exceptions spelled out in 28 U.S.C. Sec. 2680." McQuade, 839 F.2d at 642 (internal quotations omitted). "If a plaintiff's claim falls within one of those exceptions, the court lacks subject matter jurisdiction." Id.
 
 
 10
 * TAFF first asserts the district court improperly dismissed its claims concerning press officer Dearing's statements. TAFF concedes, as it must, that it cannot pursue a claim based on a violation of 26 U.S.C. Sec. 6103 (prohibiting the IRS from disclosing "return information"). A plaintiff filing an action under the FTCA must rely on "the tort law of the state where the claims arose." Gasho v. United States, 39 F.3d 1420, 1427 (9th Cir. 1994).
 
 
 11
 TAFF contends that Dearing's public disclosure of private facts constitutes an invasion of privacy under California law. However, TAFF fails to allege that Dearing released information regarding TAFF; instead, TAFF alleges that Dearing made statements pertaining to Edward Towe. In this regard, the complaint fails to allege facts which amount to an invasion of TAFF's privacy. See Fed. R. Civ. P. 12(b)(6).
 
 
 12
 Moreover, California courts have rejected the notion that a corporation has a common law right to privacy. Ion Equip. Corp. v. Nelson, 110 Cal. App. 3d. 868, 878-79 (Cal. Ct. App. 1980). Accordingly, a corporation cannot maintain a tort action under California law for the invasion of privacy. Coulter v. Bank of America Nat'l Trust and Sav. Ass'n, 28 Cal. App. 4th 923, 930 (Cal. Ct. App. 1994).
 
 
 13
 Finally, 28 U.S.C. Sec. 2680(c) bars any claim based on the statements made by press officer Dearing. Section 2680(c) prohibits a suit against the government for any claim "arising out of" the assessment or collection of any tax. See Kosak v. United States, 465 U.S. 848, 867 (1984). Dearing's statements to the media notified the public of the reasons for the agents' seizure of publicly displayed antique automobiles. As such, Dearing's actions were an integral part of the tax collection effort and were protected by Sec. 2680(c). Morris v. United States, 521 F.2d 872, 874 (9th Cir. 1975) (holding that Sec. 2680(c) was a bar to plaintiff's action against IRS agents who disclosed plaintiff's tax liability and impending insolvency to creditors even if the agents' collection activity was beyond the normal scope of authority and amounted to tortious conduct).
 
 II
 
 14
 TAFF next argues that the district court erred by dismissing its malicious prosecution claim. Another exception to the FTCA's waiver of sovereign immunity "pertains to any 'claim arising out of ... malicious prosecution' unless the claim is based on the 'acts or omissions of investigative or law enforcement officers of the United States Government ...."' Wright, 719 F.2d at 1034 (emphasis added) (quoting 28 U.S.C. Sec. 2680(h)). TAFF alleges that with the exception of press officer Dearing, all the agents participating in the seizure action were law enforcement officers of the United States.
 
 
 15
 In Wright we declined to read Sec. 2680(h) as a partial repeal of the protection provided IRS collection activities by Sec. 2680(c). Id. at 1036. We determined it was our duty to reconcile the collection exception of Sec. 2680(c) "with the later law enforcement proviso of Sec. 2680(h)." Id. (holding that Sec. 2680(h) applied because the criminal prosecution of the plaintiff for failure to file tax returns was not a collection or assessment activity within the meaning of Sec. 2680(c)). In the present case, as the district court correctly noted, "a levy is by definition an act of tax collection." Because TAFF's allegations of tortious conduct involve the tax collection activity of IRS agents, the malicious prosecution claim is barred by Sec. 2680(c). See Gasho, 39 F.3d at 1436 (abuse of process claim barred by Sec. 2680(c) where Customs agents were involved in the detention of goods and merchandise).
 
 III
 
 16
 Finally, TAFF contends its due process claim is not barred by the doctrine of res judicata. TAFF is wrong.
 
 
 17
 Res judicata consists of two related concepts, claim preclusion and issue preclusion. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1988). "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Id. (internal quotations omitted). There is no question this court has already considered and decided the identical claim TAFF attempts to assert in the present litigation. See Towe Antique, 999 F.2d at 1394 (rejecting TAFF's claim that the agents' seizure of antique automobiles violated due process). "'[A] judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."' Peck v. CIR, 904 F.2d 525, 527 n.3 (9th Cir. 1990) (quoting Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.5 (1979)). The doctrine of res judicata precludes TAFF from relitigating the due process claim.
 
 IV
 
 18
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3