## Nick RAYES, Plaintiff,

v.

## UNITED STATES of America, et al., Defendants.

## No. CIV–96–0012–PHX–SMM.

United States District Court,
D. Arizona.

March 14, 1997.

---

Nick Rayes, Phoenix, AZ, for Plaintiff.

Richard Glenn Patrick, U.S. Atty's Office, Phoenix, AZ, Bernard J. Knight, Jr., U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, DC, Janet Napolitano, U.S. Atty., Phoenix, AZ, for U.S.

Richard Glenn Patrick, U.S. Atty's Office, Phoenix, AZ, for I.R.S., Dept. of Justice.

## MEMORANDUM OF DECISION AND ORDER

McNAMEE, District Judge.

### I. BACKGROUND

Plaintiff Nick Rayes filed a complaint in *Rayes v. United States,* CIV–90–1182–PHX–WPC, on August 2, 1990. Def's Ex. A. The United States filed its Answer and Counterclaim on October 5, 1990. Def's Ex. B. Judge Copple entered Findings of Fact and Conclusions of Law finding in favor of Plaintiff on April 7, 1993. Def's Ex. C. Judgment was entered in favor of Plaintiff on April 23, 1993. *Id.* On March 8, 1995, Plaintiff submitted administrative tort claims pursuant to the requirement of 28 U.S.C. § 2675 to the Department of Justice and the Internal Revenue Service. Def's Exs. D and E.

On January 2, 1996, Plaintiff filed this action alleging wrongful and negligent infliction of emotional distress as a result of harassment in attempting to collect unpaid tax assessments made against him. Plaintiff named the United States of America, the Internal Revenue Service ("IRS"), and the Department of Justice ("DOJ").[1] Defendant filed a Motion for Summary Judgment. Plaintiff responded in opposition and cross-moved for summary judgment. The motions are fully briefed and pending before the Court.

### II. DISCUSSION

Defendant argues that Plaintiff's claim falls outside the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, and this Court, therefore, lacks jurisdiction over this action. However, Defendant appears to raise a possible statute of limitations bar. *See* Def's Motion, n. 4 and Def's Reply, n. 1. The Court, therefore, must first determine whether the statute of limitations bars this action.

As the party invoking the jurisdiction of this Court, the plaintiff bears the burden of demonstrating that the Court has the requisite subject matter jurisdiction to grant the relief he requests. *Kokkonen v. Guardian,* 511 U.S. 375, 376–78, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) (citation omitted). In meeting this burden, the plaintiff must overcome the presumption that this Court lacks jurisdiction. *Id.*

### A. Statute of Limitations

28 U.S.C. § 2401(b) provides as follows:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certi-

---

1. Pursuant to 28 U.S.C. § 2679(a), this action lies exclusively against the United States. *See Safeway Portland E.F.C.U. v. Federal Deposit Insurance Corp.,* 506 F.2d 1213, 1215 (9th Cir. 1974). As such, the Court dismissed the IRS and the DOJ as improper defendants on June 11, 1996. *See* Doc. # 15.

fied or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). If either requirement is not met, the action will be time barred. *Dyniewicz v. United States,* 742 F.2d 484, 485 (9th Cir.1984).

Defendant asserts that the tax assessments occurred in 1986. Judge Copple, however, found that the assessments occurred on November 14, 1988. *See* Findings of Fact and Conclusions of Law, 4/3/93, at ¶ 12. Plaintiff filed his administrative claims with the IRS and the DOJ on March 8, 1995, pursuant to 28 U.S.C. § 2675. On July 5, 1995, representatives of those agencies mailed to Plaintiff letters denying his administrative claims.[2] Plaintiff's Complaint was filed on January 2, 1996.

■ Defendant argues that this action, insofar that it is based upon the act of assessment, is barred by 28 U.S.C. § 2401(b), regardless of either the 1986 or the 1988 assessment date. The Court agrees. Although Plaintiff filed his Complaint within six months after receiving final denial of his administrative claims, Plaintiff does not meet the first requirement of § 2401(b). As such, because Plaintiff did not meet one of the requirements of § 2401(b), Plaintiff's claims insofar as they are based upon the act of assessment are barred by the statute of limitations. *See Dyniewicz v. United States,* 742 F.2d at 485. However, to the extent that Plaintiff's action might not be based on the act of assessment, the Court will address whether this action is barred by 28 U.S.C. § 2680.

## B. Sovereign Immunity

The FTCA, 28 U.S.C. §§ 2671–2680, allows monetary recovery against the United States for personal injury caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment. However, this waiver is subject to the exceptions listed in 28 U.S.C. § 2680. *McQuade v. United States,* 839 F.2d 640, 642 (9th Cir.1988). If a claim falls within one of the listed exceptions, federal courts lack subject matter jurisdiction. *Id.* Section 2680(c) expressly precludes any claim "arising in respect of the assessment or collection of any tax" claim being brought under the FTCA. 28 U.S.C. § 2680(c). This language has precluded suits for allegedly tortious acts related to the collection of taxes. *See Morris v. United States,* 521 F.2d 872, 874 (9th Cir. 1975) (even if the IRS agents' collection activity was beyond the normal scope of authority and amounted to deplorable, tortious conduct, taxpayer's claim is exempted); *see also, Jones v. United States,* 16 F.3d 979, 980–81 (8th Cir.1994) (United States retains its sovereign immunity under § 2680(c) even when the claims encompass torts and constitutional violations); *Perkins v. United States,* 55 F.3d 910, 916–17 (4th Cir.1995) (§ 2680(c) exception applies to protect illegal acts or torts committed by IRS agents when they are related, however remotely, to a bona fide effort to assess or collect tax debt); *Capozzoli v. Tracey,* 663 F.2d 654, 657 (5th Cir. 1981) (alleged invasion of privacy and trespass in photographing property during an investigation of casualty loss; language of § 2680(c) "is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties").

■ Plaintiff's Complaint alleges that Defendant's attempt to pursue Plaintiff for taxes they knew he was not responsible for was not for assessment and collection of taxes; rather, it was for purposes of harassment and an attempt to cover of Defendants' negligence and incompetence in its failed attempts to collect the taxes from the responsible party. Assuming Plaintiff is correct, Congress has seen fit to exempt these activities from the FTCA.

In his Findings of Fact and Conclusions of Law, Judge Copple found that the IRS assessed the 100% penalty against the Plaintiff despite the fact that the IRS had obtained a written statement from Cherie Hunt, an employee of Rand of Phoenix, Inc., stating that the corporations Chief Executive Officer, Neil Rand, was the corporate official responsible for the corporation's failure to pay its

---

**2.** Plaintiff fails to provide a copy of the agencies' final notice of denial of Plaintiff's claim. Howev-

er, Defendant does not challenge the July 5, 1995 final notice of denial date.

federal withholding taxes. Judge Copple found that Mr. Rand committed perjury numerous times and that Ms. Hunt was a more favorable witness. However, Judge Copple never found that the defendants pursued Plaintiff with knowledge that he was not liable for the taxes at issue. Despite Ms. Hunt's statement, the government proceeded to pursue its collection activities against Plaintiff based upon the IRS's determination of liability as supported by the testimony of Mr. Rand.

As Defendant aptly concedes, Plaintiff's allegations and Judge Copple's findings do not reflect favorably upon the IRS. Nevertheless, because § 2680(c) forecloses FTCA actions based upon a "broad range of activity by the IRS," *Smith v. Brady,* 972 F.2d 1095, 1099 (9th Cir.1992), the Court concludes that the acts or omissions Plaintiff complains of clearly were in furtherance of the IRS's duty to investigate, assess and attempt to collect outstanding federal tax obligations. Accordingly, because Plaintiff's claim arises out of the IRS employees' attempts to assess and collect taxes, this action is barred by the FTCA. *See* 28 U.S.C. § 2680(c).

**C. Plaintiff's Emotional Distress Claims**

■ Nevertheless, assuming arguendo that Plaintiff's claims are not barred by § 2680(c), Plaintiff nevertheless fails to show that a genuine issue of material fact exists as to whether the Defendant's conduct was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atlantic Systems Leasing Int'l, Inc.,* 183 Ariz. 550, 905 P.2d 559, 563 (App.1995) (quoting *Cluff v. Farmers Ins. Exchange,* 10 Ariz.App. 560, 460 P.2d 666, 668 (1969) (quoting Restatement (Second) of Torts § 46 cmt. d)). The trial court determines whether the alleged acts are sufficiently extreme and outrageous to state a claim for relief. *Mintz v. Bell Atlantic Systems Leasing Int'l, Inc.,* 183 Ariz. 550, 905 P.2d 559, 563(App.1995) (citation omitted). Plaintiff contends that total abuse of power amounts to extreme and outrageous conduct. The Court disagrees. Based upon Plaintiff's

allegations, Plaintiff has failed, as a matter of law, to establish that Defendant's agents committed any acts which could be classified as outrageous, as that term has been defined by Arizona courts. *See Mintz,* 905 P.2d at 563.

■ Likewise, Plaintiff fails to show that a genuine issue of material fact exists as to his negligent infliction of emotional distress claim. Absent a physical injury, Arizona law does not recognize a cause of action for negligent infliction of emotional distress. *Gau v. Smitty's Super Valu, Inc.,* 183 Ariz. 107, 901 P.2d 455, 457 (App.1995). Plaintiff does not claim that his emotional distress has manifested a physical injury. Accordingly, Plaintiff fails to state a claim that he was subjected to either negligent or intentional infliction of emotional distress. Therefore, because the Court concludes that Plaintiff's action is barred by the statute of limitations (to the extent that it is based upon the act of assessment) and by § 2680(c), and that Plaintiff fails to show that a genuine issue of material fact exists as to his emotional distress claims, the Court does not reach Defendant's arguments regarding § 2680(a) and (h).

**III. CONCLUSION**

While the conduct in this case is egregious, there are doubtless numerous cases where agents are subjected to frivolous suits in an effort to impede them in their jobs. Without a doubt the underlying case does not reflect well upon the IRS. However, as set forth above, Congress has sought to exempt the agents to allow them great latitude in the discharge of their duties.

**IT IS THEREFORE ORDERED** Defendants' Motion for Summary Judgment, filed July 19, 1996 (Doc. #18), is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Cross–Motion for Summary Judgment, filed September 30, 1996, is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment and terminate this action accordingly.