**Bjarni T. BERGVINSSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C98–319W.**

United States District Court, W.D. Washington.

Nov. 10, 1998.

---

Bjarni T. Bergvinsson, Seattle, WA, pro se.

Robert Patrick Brouillard, U.S. Attorney's Office, Seattle, WA, Youngna Lee, U.S. Dept. of Justice Tax Division, Washington, DC, for U.S.

## ORDER GRANTING MOTION TO DISMISS

WEINBERG, United States Magistrate Judge.

This litigation arises from various actions taken by the Internal Revenue Service in an attempt to collect the tax liability of a corporation, Arctic Observer Corp. ("Arctic"). Plaintiff, an individual, alleges that he was President and 70 percent stockholder in Arctic. In his pro se complaint, he asserts two tort claims against the United States, which is the sole defendant. He alleges that the IRS, in attempting to collect taxes owed by Arctic, wrongfully levied against various personal property which belonged to the plaintiff. On this portion of his claim he asserts a "conversion" cause of action. He further alleges that, when the IRS was unable to sell the property, it then turned it over to a different corporation, World Express Travel ("W.E.T."). The property was later destroyed in a windstorm. Plaintiff alleges this constituted negligence by the United States in the seizure, care and return of the property.

The case has been referred to the U.S., Magistrate Judge, pursuant to the consent of the parties and 28 U.S.C. § 636(c).

The United States moves to dismiss, on at least three alternative grounds:

- The Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., provides the exclusive remedy for tort claims against the United States; but there can be no claim under that act for actions taken in collection of a tax.

- Although plaintiff filed an administrative tort claim, his administrative claim was not timely, and he is therefore barred from pursuing a Federal Tort Claims Act remedy in this court.

- There has not been sufficient service of process on the United States.

The United States also suggests, in a footnote in its memorandum, that plaintiff has filed this action prematurely, because his request for reconsideration of the denial of the administrative claim had been pending for less than six months and remained unresolved at the time he filed this action. It does not appear, however, that the United States relies upon this as a basis for dismissal, and plaintiff has not addressed it in his response. The court will therefore not further consider that suggestion.

### 1. Timeliness of Administrative Claim.

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). Plaintiff acknowledges that he filed his administrative tort claim in this case on March 6, 1997 (docket 11, at 3). The United States argues that the claim "accrued" in December 1994, and therefore the administrative claim was untimely.

Although the record is somewhat scanty, it appears that the chronology of events was as follows.

·10/18/93 IRS took possession of the property. At some unspecified date, there was apparently a public sale— but there were no bidders.

12/7/93 Sherrie Pugh of W.E.T. signed a receipt for "Property Returned." It thus appears the property was returned to W.E.T. on or about this date.

1/6/94 I.R.S. letter to plaintiff (docket 8, exh. C) advising him that the sale was held, that nobody bid, and that the I.R.S. returned the property to W.E.T.

12/9/94 Counsel for W.E.T. told plaintiff the property had *not* been returned to W.E.T., and that it might have been destroyed by a storm (this communication is alleged by plaintiff in paragraph 9 of his Complaint. The Court will assume there was such a communication for purposes of this motion, as the United States relies upon it)

5/22/95 I.R.S. letter to plaintiff, advising him that the property had been released to W.E.T., and providing him a copy of a Receipt for Property Returned and a and Release of Levy.

5/31/95 Mr. Helm, counsel for W.E.T., wrote to his client in Alaska asking, "Whatever happened to the 'stuff'?" Mr. Acree, on behalf of W.E.T., responded that W.E.T. did not accept the trailer as satisfaction of amounts due, and it was destroyed in a windstorm.

6/14/95 Mr. Helm furnished a copy of this exchange of correspondence to plaintiff.

Given this chronology, the court must determine when plaintiff's claim accrued. "Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Gibson v. United States,* 781 F.2d 1334, 1344 (9th Cir.1986) (quoting *Cline v. Brusett,* 661 F.2d 108, 110 (9th Cir.1981)). The United States argues that plaintiff learned of the injury on December 9, 1994, when counsel for W.E.T. told him that the property had not been returned to W.E.T., and suggested that it might have been destroyed by a storm. This "suggestion" of a possible loss was not sufficient, however, to put plaintiff on notice that the property had indeed been destroyed. At the time he received this advice from W.E.T.'s counsel, plaintiff knew that at least half of it was probably not true. The IRS had advised plaintiff in January 1994 that the property *had* been returned to W.E.T. When he pursued his inquiries to determine what had happened to the property, plaintiff confirmed in May 1995 that the property had been returned to W.E.T. It was not until June 1995 that plaintiff received a communication from Alaska (Mr. Acree's response to his counsel, forwarded to plaintiff) that the property had been destroyed in a storm. It was at that point plaintiff knew there had been a loss. He filed his administrative claim within two years from that date. It was therefore timely, and the motion of the United States to dismiss on this ground is without merit.

### 2. Service of Process

The United States acknowledges that plaintiff served his summons and complaint upon the United States Attorney for the Western District of Washington, but alleges that he has never served the Attorney General of the United States. In response, plaintiff has filed proof of such service, consisting of a copy of the certified mail receipt dated less than three weeks after the complaint was filed. The United States has not challenged the authenticity of this document, or challenged the sufficiency of service made in this manner. It appears to be valid service under Fed. R.Civ.P. 4(i)(1). The motion to dismiss on this ground is therefore without merit.

### 3. Claim Arising in Respect of the Collection of Any Tax

█ The Federal Tort Claims Act includes a specific exception for "[a]ny claim arising in respect of the assessment or

collection of any tax." 28 U.S.C. § 2680(c). The courts, including the U.S. Court of Appeals for this circuit, have given this exception an expansive reading. In *Morris v. United States*, 521 F.2d 872 (9th Cir.1975), the court affirmed the dismissal of a Federal Tort Claims Act suit against the United States, arising from alleged misconduct by I.R.S. agents in the collection of taxes allegedly due. The court wrote:

> Even assuming *arguendo* that the Internal Revenue agents' collection activity was beyond the scope of authority and amounted to tortious conduct, we find that the claim falls squarely within the exempted group of tort claims arising out of tax collection efforts.

*Morris*, 521 F.2d at 874 (citations omitted). The court also held that the Federal Tort Claims Act neither bars nor permits claims against individual federal agents alleged to have violated a plaintiff's constitutional rights. The court left open the possibility that the plaintiffs in that case could seek recovery against the individual agents, on a jurisdictional basis other than the Federal Tort Claims Act.

Somewhat more recently, the U.S. District Court for the Eastern District of California dismissed a similar claim in *Isaacson v. United States*, 848 F.Supp. 129 (E.D.Cal.1993), *aff'd*, 35 F.3d 571 (9th Cir. 1994).

In summary, plaintiff cannot assert a claim under the Federal Tort Claims Act for any claim arising from the collection of any tax. Although he alleges the I.R.S. levied on his personal property in attempting to collect a corporation's tax liability, and alleges the I.R.S. thereafter acted negligently in disposing of the property, the fact remains that all of these activities were in respect to the collection of a tax. Plaintiff's remedy, if any, lies outside the Federal Tort Claims Act. The motion to dismiss his complaint, which is grounded on that Act, is therefore GRANTED.

This action is therefore DISMISSED, without prejudice to other possible related claims by plaintiff. The Clerk shall enter judgment accordingly.