**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERLE RALPH FERGUSON, | No. 18-56296 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01253-JM-MDD |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted February 3, 2020[**]
Pasadena, California

Before: IKUTA and LEE, Circuit Judges, and MARBLEY,[***] District Judge.

Merle Ferguson appeals the district court's order granting the government's

motion for summary judgment. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Algenon L. Marbley, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

Ferguson failed to establish that Deputy U.S. Marshal Thomas Perosky had a duty of inquiry as to the geographic scope of an arrest warrant. As a general rule, a marshal has no duty "to question the validity" of a court order. *McQuade v. United States*, 839 F.2d 640, 643 (9th Cir. 1988). *Slaughter v. Legal Process & Courier Service*, on which Ferguson relies, does not establish a duty of inquiry; rather, it held that there was a genuine issue of material fact as to whether a process server who improperly served a party and then signed a false affidavit of service breached a duty he owed to the party served. *See* 162 Cal. App. 3d 1236, 1249 (1984). Nor do Ferguson's communications to Perosky create a duty of inquiry. The "primary role and mission" of the U.S. Marshals Service is to execute judicial orders, 28 U.S.C. § 566(a), and we have indicated that a marshal has no duty to cease executing a warrant merely because a private person claims that the warrant cannot be lawfully executed, *see McQuade*, 839 F.2d at 643. Because Ferguson has not carried his burden of showing that Perosky's failure to inquire "would be actionable in tort if committed by a private party under analogous circumstances," *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990) (as amended), *abrogated on other grounds by DaVinci Aircraft, Inc. v. United States*, 926 F.3d

1117 (9th Cir. 2019), the government has not waived its sovereign immunity for such an action under the Federal Tort Claims Act, *see* 28 U.S.C. § 1346(b)(1).[1]

Further, the FTCA's discretionary function exception bars this suit. *See* 28 U.S.C. § 2680(a). No "federal statute, regulation, or policy" requires U.S. Marshals to check a warrant's geographic scope when told by a third party that the warrant cannot be lawfully executed where the suspect is located. *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). And because a decision not to inquire as to the warrant's scope is "susceptible to policy analysis," *United States v. Gaubert*, 499 U.S. 315, 325 (1991), it is the kind of decision "the discretionary function exception was designed to shield," *Berkovitz*, 486 U.S. at 536.

**AFFIRMED.**

---

[1] The district court's preliminary determination that the government owed Ferguson a duty did not bind the district court at the summary judgment stage. *See* Fed. R. Civ. P. 54(b).